*In re* MILLER.

CONVICTS—GOOD TIME—EX POST FACTO LAW.

A statute denying to convicts under sentence for a second offense the same reductions from their sentence for good behavior that are allowed to other convicts is not *ex post facto* as applied to the punishment of an offense subsequently committed, although the offender had been convicted of his first offense before the passage of the act.[1]

*Habeas corpus* by Charles Miller to obtain his discharge from the custody of William Chamberlain, warden of the state prison at Jackson. Submitted October 20, 1896. Writ dismissed November 17, 1896.

*Thomas E. Barkworth,* for petitioner.

*Fred A. Maynard,* Attorney General, for respondent.

MOORE, J. The petitioner is serving his second term in the state prison at Jackson. His first term expired April 19, 1893. His second term began February 10, 1894, and was for three years. Act No. 118, Pub. Acts 1893, took effect May 26, 1893. Section 33 of that act provides that convicts who shall have no infractions of the rules of the prison against them shall be entitled to a reduction from their sentences according to a certain scale, with a proviso that a convict who shall be serving a second term in said prison shall be entitled to a less favorable reduction. If the provisions of this act are applied to the petitioner, and he is treated as now serving his second term, his term will not expire until November 16th of this year, but, if he is treated as though serving his first term, he is now entitled to his release.

---

[1] In a note to this case in 34 L. R. A. 398, are reviewed the authorities on enhancing penalties of crimes when committed by habitual criminals or prior offenders.

It is claimed that to regard the petitioner as now serving his second term is to apply *ex post facto* legislation to him, and subject him to additional punishment for a crime which he has fully expiated, under the laws existing at the time of its occurrence.   Counsel cites *Calder* v. *Bull*, 3 Dall. 386; *Fletcher* v. *Peck*, 6 Cranch, 87; *Cummings* v. *Missouri*, 4 Wall. 277; *Ex parte Garland*, Id. 333; *In re Walsh*, 87 Mich. 466; *In re Canfield*, 98 Mich. 644. We do not think any of these cases sustain the claim of counsel for the petitioner.   It is held in *Calder* v. *Bull*, *supra*, that the legislature may declare new crimes, and establish rules of conduct in future cases.   In *Fletcher* v. *Peck*, *supra*, an *ex post facto* law was defined to be one which renders an act punishable in a manner in which it was not punishable when it was committed.   The act of 1893 was in force before the second conviction of the petitioner occurred.   He is presumed to have known its provisions when he committed the offense for which he is now serving time.   He served the penalty of his first conviction, and, if he had not again violated the criminal law, he would not now be an inmate of prison.   The penalty he is now serving is imposed for the offense committed by the prisoner after the act of 1893 took effect.   Under such circumstances, the act cannot be regarded as *ex post facto*.   It was stated in *Re Canfield*, 98 Mich. 648, that—

" This is not a case where the law has authorized the imposition of an increased penalty for a second offense, but one where a certain class of offenders are denied the benefits of a certain rule made for the maintenance of good order in the prison."

We think it competent for the legislature to establish such a rule, and that it is not *ex post facto* legislation. See Cooley, Const. Lim. (6th Ed.) 327; *Ross's Case*, 2 Pick. 165; *Com.* v. *Phillips*, 11 Pick. 28; *Plumbly* v. *Com.*, 2 Metc. (Mass.) 413; *Com.* v. *Marchand*, 155 Mass. 8; *Ex parte Gutierrez*, 45 Cal. 429; *People* v.

*Stanley,* 47 Cal. 113 (17 Am. Rep. 401); *Blackburn* v. *State,* 50 Ohio St. 428; *Com.* v. *Graves,* 155 Mass. 163.

The petitioner is remanded.

The other Justices concurred.