**STATE of Minnesota, Plaintiff,**

v.

**Scott Edward STEWART, Defendant.**

**No. C7–92–275.**

Court of Appeals of Minnesota.

June 9, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., St. Cloud, for plaintiff.

John M. Stuart, State Public Defender, JoAnne M. Yanish, Asst. State Public Defender, St. Paul, for defendant.

Considered and decided by LANSING, P.J., and NORTON and DAVIES, JJ.

## OPINION

LANSING, Judge.

A Stearns County grand jury indicted Scott Stewart for first degree murder under Minn.Stat. §§ 609.184 and 609.185 (1990). On Stewart's motion attacking the indictment, the trial court, ruling that the grand jury improperly considered evidence of Stewart's past convictions, certified the following question:

Whether a previous conviction of a heinous crime is an element of first-degree murder under Minn.Stat. § 609.184 (1990) so that the fact of a heinous crime conviction must be presented to the grand jury or whether such a previous conviction is matter to be considered by the judge at the time of sentencing.

## FACTS

The Stearns County Attorney charged Scott Stewart with second degree murder of Melissa Johnson. Pursuant to Minn. R.Crim.P. 17.01, the county attorney notified the court of his intention to proceed by indictment, and requested that a Stearns County grand jury be summoned and convened.

During the grand jury proceedings, the county attorney presented evidence of Stewart's 1984 and 1988 convictions for criminal sexual conduct in the first degree. The evidence consisted of the two complaints, transcripts of both guilty pleas and both sentencing hearings.

The county attorney advised the grand jury on the law relating to murder in the first degree under Minn.Stat. § 609.185. The county attorney also advised the grand jury on Minn.Stat. § 609.184, subd. 2, which provides that

[t]he court shall sentence a person to life imprisonment without possibility of release when the person is convicted of first degree murder under section 609.-185 and the person has one or more previous convictions for a heinous crime.

The statute defines a "heinous crime" as Subdivision 1. Terms (a) A "heinous crime" is a violation of section 609.185, 609.19, 609.195, or a violation of section 609.342 or 609.343, if the offense was committed with force or violence.

A "previous conviction" is defined as

(b) "Previous conviction" means a conviction in Minnesota of a heinous crime * * *. The term includes any conviction that occurred before the commission of the present offense of conviction, but does not include a conviction if 15 years have elapsed since the person was dis-

charged from the sentence imposed for the offense.

The grand jury returned an indictment charging Stewart with twenty-four counts of first degree murder citing both Minn. Stat. §§ 609.185 and 609.184. The predicate offense for twelve counts is the 1984 conviction, and for the remaining twelve counts, the 1988 conviction.

## ISSUE

In a prosecution for first degree murder with no possibility of release, must the grand jury consider and include in the indictment prior convictions for heinous crimes?

## ANALYSIS

### I

■ As a prefatory issue, we address Stewart's challenge to the form of the certified question. A trial court may, upon the dismissal of an indictment, certify an issue as important or doubtful. Minn. R.Crim.P. 28.03. A question is doubtful if there is no controlling precedent, or if there is a question of first impression with substantial ground for difference of opinion. *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179–80 (Minn.1988). The importance of an issue "increases with the probability that resolution of the issue will have statewide impact and the probability of reversal." *King v. Watonwan Farm Serv. Co.*, 430 N.W.2d 24, 26 (Minn.App.1988).

The issue raised by the certified question is both important and doubtful. The correct application of a statute imposing life imprisonment without the possibility of release has significant statewide impact. The issue is doubtful because Minn.Stat. § 609.184 is recently enacted legislation, and few cases discuss the use of prior convictions in grand jury deliberations.

### II

■ The United States Constitution and the original Minnesota Constitution provide that a grand jury indictment must be obtained to hold a person for a capital or infamous offense. *See* U.S. Const. amend. V; Minn. Const. of 1857 art. 1, § 7. Current Minnesota law requires an indictment for any offense that may be punishable by life imprisonment. Minn.R.Crim.P. 17.01.

■ Historically the grand jury has served as a primary security to the innocent against hasty, malicious, and oppressive prosecution. *United States v. Williams*, ⎯ U.S. ⎯, ⎯, 112 S.Ct. 1735, 1746, 118 L.Ed.2d 352 (1992). Its essential function is not to determine guilt or innocence, but whether there is probable cause to believe that the defendant has committed a crime. Minn.R.Crim.P. 18.06, subd. 2; *State v. Inthavong*, 402 N.W.2d 799, 801 (Minn.1987).

■ The criminal rules require that an indictment shall contain a written statement of the essential facts constituting the offense charged. Minn.R.Crim.P. 17.02, subd. 2. The written statement provides notice to defendant of the acts or circumstances constituting the offense. *State v. Grose*, 387 N.W.2d 182, 189 (Minn.App. 1986).

■ In enacting the heinous crimes statute, the legislature did not designate section 609.184 as an offense separate from section 609.185. The operative subdivision requires the court to sentence a person convicted under section 609.185 to life imprisonment without release if the person has one or more previous convictions for a heinous crime. Minn.Stat. § 609.184, subd. 2. In a thoughtful analysis, the trial court concluded that because the heinous crimes statute only increases the punishment and does not create a separate or different category of offense, the grand jury improperly considered Stewart's past offenses, and the indictment should be dismissed. For four reasons we disagree.

First the Minnesota Supreme Court has previously held that prior convictions resulting in increased penalties must be set out in an indictment and ultimately decided by the adjudicatory jury. *State v. Findling*, 123 Minn. 413, 416, 144 N.W. 142, 143 (1913). The *Findling* court expressed reservations about the prejudicial effect of prior conviction testimony and encouraged

the legislature to provide for prior conviction determinations after trial on the present charge. *Id.* at 417, 144 N.W. at 143–44.

The legislature subsequently enacted a statute providing for a separate posttrial complaint and, absent a defendant's admission to the facts of his prior record, a jury determination that the prior convictions could be used to increase the sentence. 1927 Minn.Laws ch. 236, *repealed by* 1963 Minn.Laws ch. 753, art. 2 § 17; *see also Shaw v. Utecht*, 232 Minn. 82, 88–89, 43 N.W.2d 781, 785 (1950), *cert. denied*, 340 U.S. 855, 71 S.Ct. 73, 95 L.Ed. 627 (1950); *State v. Zywicki*, 175 Minn. 508, 513–14, 221 N.W. 900, 902 (1928).

The current criminal rule is equivalent to the 1913 statute in *Findling* which required an indictment to state the acts constituting the offense. *See* Minn.Gen.Stat. § 9134(2) (1913). Although the legislature provided an alternative indictment procedure from 1927 to 1963, no statutory procedure is currently in effect. Because of the parallel provisions, absent a statutory procedure for indictment or proof of prior convictions, the *Findling* case retains precedential force.

Other states have required prior convictions to be charged in a complaint or indictment when the prior convictions increase the criminal penalties. *See Pinto v. Superior Court*, 119 Ariz. 612, 613, 583 P.2d 268, 269 (Ariz.Ct.App.1978); *State v. Lovejoy*, 60 Idaho 632, 637, 95 P.2d 132, 134 (1939); *People v. Racinowski*, 78 Ill.App.3d 954, 960, 34 Ill.Dec. 260, 265, 397 N.E.2d 932, 937 (1979); *State v. Neal*, 347 So.2d 1139, 1141 (La.1977); *State v. Barker*, 490 S.W.2d 263, 269 (Mo.Ct.App.1973); *State v. Cameron*, 126 Vt. 244, 249, 227 A.2d 276, 279 (1967).

These holdings diverge from an equally substantial number of decisions in which courts have ruled that prior convictions that lengthen a sentence need not be stated in the complaint unless the prior convictions graduate the current offense to a different degree (e.g., misdemeanor to felony). *See United States v. Kearney*, 750 F.2d 787, 790 (9th Cir.1984); *Olivito v. United States*, 67 F.2d 564, 565 (9th Cir. 1933); *People v. Johnson*, 8 N.Y.2d 183, 186–87, 203 N.Y.S.2d 809, 811, 168 N.E.2d 641, 642 (1960), *cert. denied*, 364 U.S. 897, 81 S.Ct. 228, 5 L.Ed.2d 191 (1960); *State v. Gahner*, 413 N.W.2d 359, 362 (N.D.1987); *State v. Edinger*, 331 N.W.2d 553, 555 (N.D.1983); *State v. McAllister*, 107 Wis.2d 532, 538, 319 N.W.2d 865, 868 (1982). Although we recognize that a change in the degree of a crime may be an important criterion in some instances, *see State v. Berkelman*, 355 N.W.2d 394 (1984), we do not think the critical distinction here is between offense-enhancing and sentence-enhancing convictions.

The second reason that the alleged prior heinous crime should be included in the indictment is the severity of the increased penalty and its relationship to the purpose of the grand jury. The sole criterion for charge by indictment in Minnesota is whether an offense is punishable by life imprisonment. Minn.R.Crim.P. 17.01. The heinous crimes statute is the most severe application of the life imprisonment penalty. It would be anomalous to hold that a grand jury should not consider evidence of the facts that transform life imprisonment from a possibility to a changeless reality.

The third reason for including the allegation of a prior conviction is that the definition of heinous crime is subject to a fact determination of whether force or violence was used in the prior conviction. To be sure, the elements required for some convictions will conclusively determine the presence of force or violence. Other offenses may not be so readily deconstructed, and a further factual inquiry will be necessary. The issue of force or violence may pose a triable jury issue. *See State v. Robinson*, 480 N.W.2d 644, 646 (Minn. 1992).

Fourth, and finally, including the prior heinous crime provides essential notice of possible consequences. *See Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962). A defendant might reasonably and detrimentally assume that the offense stated in an indictment or infor-

mation is the complete charge. *Edinger*, 331 N.W.2d at 554–55.

■ For these reasons we hold that the prior offenses are essential facts which, under Minn.R.Crim.P. 17.02(2), must be stated in the indictment and considered by the grand jury. We do not consider lightly the possibly prejudicial effect of prior conviction evidence on the grand jury. Evidence of prior conviction is presumptively inadmissible at trial, *see* Minn.R.Evid. 404(b), and the rules governing grand juries require that an indictment be based on evidence admissible at trial. Minn. R.Crim.P. 18.06. However, the reception of inadmissible evidence is not grounds for dismissal if there is sufficient admissible evidence to support the indictment, Minn. R.Crim.P. 18.06, subds. 1, 2, and an indictment based on inadmissible evidence is not constitutionally defective. *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408–09, 100 L.Ed. 397 (1956).

■ It is also significant that although generally inadmissible to prove character or propensity, prior convictions may be admitted for other reasons even in adjudicatory determinations. *See* Minn.R.Evid. 404(b). The grand jury's purpose for considering Stewart's prior convictions relates neither to character nor propensity, and evidentiary rules are more liberally construed in grand jury proceedings. *See* Minn.R.Crim.P. 18.06; *State v. Scruggs*, 421 N.W.2d 707, 716–17 (Minn.1988); *State v. Kasherman*, 177 Minn. 200, 201, 224 N.W. 838, 838, *cert. denied*, 280 U.S. 602, 50 S.Ct. 85, 74 L.Ed. 647 (1929); *see also Williams*, —— U.S. at ——, 112 S.Ct. at 1740 (lay members of grand jury must be able to conduct their inquiries unfettered by technical rules).

■ Although we conclude that the grand jury's distinct function, differing evidentiary standards, and the substantive requirements of section 609.184 result in consideration of prior convictions, county attorneys should advise grand jurors on the importance of separating the present charge from prior convictions. Recognition of the prejudicial effect of prior crimes evidence forged the alternative of a judicial admission or stipulation in *Berkelman*. Similar concerns in *Findling* resulted in legislation which bifurcated the past offense issue to a posttrial jury determination. At trial these procedures are available to the court. *See Berkelman*, 355 N.W.2d at 396–97; *see also State v. Hoffman*, 328 N.W.2d 709, 716 (Minn.1982). However, unlike the adjudicatory jury, the grand jury must receive all information that will provide the basis for its probable cause determination.

### DECISION

Evidence of a prior conviction of a heinous crime must be presented to the grand jury in order for it to determine whether probable cause exists to indict a defendant for first degree murder punishable by life imprisonment without possibility of release as defined by Minn.Stat. § 609.184.

Certified question answered.