STATE of Minnesota, Respondent,

v.

Richard Thomas RONQUIST,
petitioner, Appellant.

No. C4–97–1502.

Supreme Court of Minnesota.

July 22, 1999.

John M. Stuart, Minnesota State Public Defender, Mark F. Anderson, Assistant State Public Defender, Minneapolis, for appellant.

Michael A. Hatch, Minnesota Attorney General, St. Paul, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, for respondent.

## OPINION

PAGE, Justice.

Appellant Richard Thomas Ronquist was charged by complaint with, and subsequently convicted of, attempted criminal sexual conduct in the first-degree in violation of Minn.Stat. § 609.342, subd. 1(e)(i) (1998) and Minn.Stat. § 609.17 (1998). The statutory maximum sentence for attempted criminal sexual conduct in the first-degree is 15 years imprisonment.[1] Minnesota Statutes § 609.346, subd. 2a(a)(2)(iii) (1996), *repealed by* Act of April 16, 1998, ch. 367, art. 6, § 16, 1998 Minn. Laws 666, 735, *recodified at* Minn.Stat.

---

1. *See* Minn.Stat. §§ 609.342, subd. 2; 609.17, subd. 4(2).

§ 609.109 (1998) (enhancement statute), however, provides that if an individual convicted under Minn.Stat. § 609.342 has two previous qualifying sex offense convictions, the individual shall be sentenced to life imprisonment.[2] At his sentencing hearing, the trial court found that Ronquist had two previous qualifying sex offense convictions and, pursuant to the enhancement statute, imposed a life sentence. The court of appeals affirmed Ronquist's conviction and sentence. We also affirm.

On appeal to this court, Ronquist argues that the state's failure to prosecute him by grand jury indictment divested the trial court of its jurisdiction to sentence him to a life sentence. Ronquist also argues that he was denied effective assistance of trial counsel. By Order dated February 16, 1999, the court, on its own motion, requested supplemental briefing on two issues not raised by either party:

A.  Minn.Stat. § 609.109, subd. 1, provides that for the purposes of section 609.109, "offense" means a completed offense or an attempt to commit an "offense." Minn.Stat. § 609.109, subd. 3, provides that the court shall sentence a person to life imprisonment if, inter alia, "the person is convicted under section 609.342 * * *." Id., subd. 3(2). Is a person convicted of an attempt to commit an offense enumerated in section 609.342 "convicted under section 609.342" for purposes of section 609.109?[3]

B.  If the answer to (A) is yes, where the current conviction for which life imprisonment is prescribed under Minn.Stat. § 609. 109, subd. 3, is for an attempt rather than a completed offense, does the attempt statute contained in Minn.Stat. § 609.17 limit the maximum punishment to 20 years?

## I.

▄▄▄ We first address the question of whether a person convicted of an attempt to commit an offense under Minn.Stat. § 609. 342 is "convicted under section 609.342" for purposes of section 609.346, subd. 2a(a)(2)(iii) (1996). In order to ensure certainty in the application of criminal statutes, we have said that "the legislature has an obligation to state its intention as clearly as possible. When it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so."[4]

▄▄▄ Under the enhancement statute, a defendant shall be sentenced to life imprisonment if the present conviction is for a

---

**2.** Minn.Stat. § 609.346, subd. 2a (1996) provides in relevant part:

> Subd. 2a.  Mandatory life sentence. (a) The court shall sentence a person to imprisonment for life, notwithstanding the statutory maximum sentence under section 609.342 if:
> (1) the person is convicted under section 609.342; and
> (2) the court determines on the record at the time of sentencing that * * *
> (iii) the person has two previous sex offense convictions under section 609.342, 609.343, or 609.344.

**3.** At the time of Ronquist's conviction, the enhancement statute was codified at Minn. Stat. § 609.346 (1996). In 1998, the enhancement statute was amended and recodified at Minn.Stat. § 609.109 (1998). We

referenced section 609.109 in making the request because the two issues that gave rise to our request for supplemental briefing were not affected by the statute's amendment. However, the enhancement statute's 1998 amendment is germane to the indictment issue raised by Ronquist. Therefore, for ease of discussion and to avoid confusion we will, except when discussing the 1998 amendment, reference Minn.Stat. § 609.346 or the "enhancement statute" in our discussion of all the issues––including the two issues raised by our supplemental brief request.

**4.** *See State v. Simmons,* 258 N.W.2d 908, 910 (Minn.1977) (explaining that "criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable and how severe the punishment might be").

violation of section 609.342 and the defendant has two previous sex offense convictions under sections 609.342, 609.343, or 609.344.[5] The enhancement statute defines "conviction of offense" as follows: "[f]or purposes of this section, the term 'offense' means a completed offense or an attempt to commit an offense."[6] Therefore, it is clear that two previous convictions for an attempt to violate section 609.342 meet the definition of "previous sex offense convictions under section 609.342" contained in Minn.Stat. § 609.346, subd. 2a(a)(2)(iii) (1996). However, Minn. Stat. § 609.346, subd. 2a(1) (1996), refers to the present conviction only as "convicted under section 609.342." Noticeably absent is the word "offense." Therefore, it can be argued that a present conviction for an attempt does not qualify for sentencing under the enhancement statute because the legislature specifically included the word "offense" when referring to previous sex *offense* convictions and did not do so when referring to the present conviction.

Looking at Minn.Stat. § 609.346 (1996) as a whole, we conclude that the legislature intended that when the present conviction is for an attempt to violate section 609.342, the sentence for that conviction qualifies for enhancement under the enhancement statute. We find support for this conclusion in the statute itself. For example, section 609.346, subd. 3 (1996), refers to the present conviction as the "present offense of conviction" thereby indicating that the present offense includes attempts.

▪ We also conclude that Minn.Stat. § 609.17, subd. 4, which limits the length of sentences for attempts, does not operate to limit Ronquist's sentence for his conviction of attempted first-degree criminal sexual conduct. We reach that conclusion because as Ronquist's counsel concedes, section 609.17 is a general statute whereas section 609.346 (1996) is a specific statute dealing only with the sentencing of repeat sex offenders. Under our rules of statutory construction, when two statutes addressing the same subject are in conflict, the specific statute controls the general "unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail."[7] In this case, section 609.346 (1996), dealing specifically with recidivist sex offenders, was enacted at the later session. Therefore the enhancement statute contained in Minn.Stat. § 609.346 (1996) prevails over the more general attempt statute contained in Minn.Stat. § 609.17.

## II.

▪ We turn now to the question of whether the state's decision to prosecute Ronquist by complaint rather than indictment divested the trial court of jurisdiction to impose a mandatory life sentence. This question involves statutory construction, a question of law which we review de novo.[8] "Where an indictment or presentment by a grand jury is required by constitutional or statutory provisions in the case of a specified type of crime, a prosecution in any other mode is unauthorized and an absolute nullity for want of jurisdiction."[9]

▪ The Fifth Amendment to the United States Constitution provides in relevant part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indict-

---

**5.** *See* Minn.Stat. § 609.346, subds. 2a(a)(1), 2a(a)(2)(iii) (1996).

**6.** Minn.Stat. § 609.346, subd. 1 (1996).

**7.** Minn.Stat. § 645.26, subd. 1 (1998).

**8.** *See State v. Johnson,* 514 N.W.2d 551, 553 (Minn.1994).

**9.** 42 C.J.S. *Indictments and Informations* § 6a (1991); *see also State v. Mitchell,* 282 Minn. 113, 122, 163 N.W.2d 310, 316 (1968) (stating that "the county attorney had no choice but to seek an indictment" because the penalty for murder in the first-degree is imprisonment for life).

ment of a Grand Jury." [10] The United States Supreme Court has held that this provision applies only to prosecutions in the federal courts and not to prosecutions by the states. [11] As a result, in state court, prosecution by complaint where permitted by statute and the state Constitution comports with due process. [12]

In Minnesota, the requirement that a defendant be prosecuted by grand jury indictment has evolved from a near blanket constitutional requirement for all criminal prosecutions to a narrow rule that requires a grand jury indictment only for those offenses punishable by life imprisonment. [13] The Minnesota Constitution in its original form provided that "[n]o person shall be held to answer for a criminal offense unless on the presentment or indictment of a Grand Jury." [14] That language was deleted in 1904 as part of an amendment that repealed, except in certain specified cases not relevant to our discussion here, the requirement for prosecution by grand jury indictment for criminal offenses. [15] In place of the deleted language, language providing that "no person shall be held to answer for a criminal offense without due process of law" was added to the Constitution and remains in effect today. [16]

In 1909, the legislature statutorily limited the requirement of prosecution by indictment to criminal cases in which the maximum punishment exceeded 7 years'

imprisonment, [17] and later further limited the requirement to cases in which the maximum punishment exceeded 10 years' imprisonment. [18] This statute was amended in 1935 to require prosecution by indictment in all cases where the offense was punishable by life imprisonment. [19] That provision was repealed in 1979. [20] The repeal was in response to this court's adoption of its Rules of Criminal Procedure, specifically Rule 17.01, which at all relevant times has provided that "[a]n offense which may be punished by life imprisonment shall be prosecuted by indictment." [21]

Because sections 609.342, 609.17, and 609.346 (1996) do not make any reference to the need for a grand jury indictment, the state sought and obtained Ronquist's conviction for attempted first-degree criminal sexual conduct without first seeking a grand jury indictment. Upon his conviction, the state sought to have him sentenced to a mandatory term of life imprisonment under the enhancement provisions of section 609.346 (1996). Because Ronquist had at least two previous sex offense convictions, the sentencing court sentenced him to life imprisonment as required by the enhancement statute. Absent the application of the enhancement provisions of Minn.Stat. § 609.346 (1996), the maximum sentence that Ronquist could have received for attempted first-degree criminal sexual conduct was 15 years.

10. U.S. Const. amend. V.

11. *See Hurtado v. California*, 110 U.S. 516, 534–35, 4 S.Ct. 111, 28 L.Ed. 232 (1884).

12. *See, e.g., State v. Keeney*, 153 Minn. 153, 155, 189 N.W. 1023, 1024 (1922).

13. *Compare* Minn. Const. of 1857, art. I, § 7 *with* Minn. R.Crim. P. 17.01.

14. Minn. Const. of 1857, art. I, § 7.

15. Act of January 6, 1905, 1905 Minn. Laws 3, 4.

16. Minn. Const. art. I, § 7. Ronquist has not challenged the state's failure to prosecute him

by grand jury indictment on due process grounds.

17. Act of April 22, 1909, ch. 398, § 1, 1909 Minn. Laws 473, 474.

18. Act of March 13, 1913, ch. 65, § 1, 1913 Minn. Laws 55, 56–57.

19. Act of April 17, 1935, ch. 194, § 1, 1935 Minn. Laws 358, 358–60; *see also State v. Mitchell*, 282 Minn. 113, 123, 163 N.W.2d 310, 317 n. 4 (1968).

20. Act of May 29, 1979, ch. 233, § 42, 1979 Minn. Laws 485, 500.

21. Minn. R. Civ. P. 17.01.

■ As noted, in 1998 the legislature amended the enhancement statute to require a grand jury indictment before the mandatory life imprisonment provision can be applied.[22] In contrast, when Ronquist was prosecuted and convicted, the enhancement statute then in effect did not require a grand jury indictment before its mandatory provisions were triggered. Nonetheless, Ronquist argues that the 1998 amendment supports his contention that an indictment was required before a life sentence could be imposed on him because, in amending the statute, the legislature indicated that it was merely recodifying and clarifying the statute and did not intend any substantive change to the recodified sections.[23] There are at least two problems with this argument. First, as discussed earlier, the pre–1998 enhancement statute made no reference to any requirement of a grand jury indictment. Second, and more importantly, the 1998 amendment did not clarify any existing language; rather it added new language

where none had been before. On this basis, we conclude that the 1998 amendment resulted in a change rather than a clarification of the enhancement statute.[24]

Ultimately, the question we must answer is whether Ronquist's conviction of the offense of attempted first-degree criminal sexual conduct, which normally carries a maximum sentence of 15 years imprisonment, when coupled with his enhanced sentence of life imprisonment, constitutes conviction of "an offense which may be punished by life imprisonment."[25] Ronquist argues that the previous sex offense convictions that required him to be sentenced under the enhancement statute are elements of his present offense and create an offense punishable by life imprisonment which must be prosecuted by indictment.[26] He contends that because he was not prosecuted by indictment, he may not be sentenced to more than 15 years imprisonment.

**22.** Act of April 6, 1998, ch. 367, art. 6, § 6, 1998 Minn. Laws 666, 730.

**23.** *See* Act of April 6, 1998, ch. 367, art. 6, § 2, 1998 Minn. Laws 666, 727.

**24.** *See State v. Niska,* 514 N.W.2d 260, 264 (Minn.1994) (stating that the fact that legislature inserted word "clarifying" into the title of the amending act by itself is not sufficient to justify retroactive application).

**25.** *See* Minn. R. Civ. P. 17.01.

**26.** In support of his argument, Ronquist relies on the court of appeals' decision in *State v. Stewart,* 486 N.W.2d 444, 446–47 (Minn.App. 1992), which in turn relied on this court's decision in *State v. Findling,* 123 Minn. 413, 144 N.W. 142 (1913). In *Findling,* we held that prior convictions resulting in increased penalties must be set out in an indictment and ultimately decided by the adjudicatory jury. *See Findling,* 123 Minn. at 416, 144 N.W. at 143. Reliance on *Findling* and *Stewart,* even indirectly, under the facts of this case is misplaced. At issue in *Findling* and *Stewart* was the question of whether the factors resulting in the enhancement of the defendants' sentences were permitted to be pled in their indictments. In *Findling,* we adopted the

general rule utilized in most jurisdictions at the time the case was decided, "that the evidence, and a verdict of the jury finding the prior conviction, are essential to the power of the court to impose the increased punishment. At least such is the rule in nearly all the states where no statutory method of determining the prior conviction is prescribed." *Id.* at 416, 144 N.W. at 143. Because there was no statutory method to determine the enhancement factors, we concluded that the state was required to plead them in the indictment. That is not the case here. First, unlike the situation in *Findling* and *Stewart* where the question of whether an indictment was required for prosecution was not raised, that is the central issue in this case. Second, unlike the situation in *Findling,* here the statutory language at issue in Minn.Stat. § 609.346, subd. 2a(a)(2)(iii) (1996), explicitly states that the existence of the previous sex offense convictions must be determined on the record at the time of sentencing by the sentencing court. As such, there is clearly a statutory method prescribed for determining the existence of prior convictions. Therefore, it was not required that the previous sex offense convictions be pled in an indictment. The question of what may be presented to a grand jury when an indictment is required is a far different question than whether an indictment is required in the first instance.

An element of an offense is that which must be proven beyond a reasonable doubt to convict a defendant of a crime as defined by statute.[27] In order to convict Ronquist of the offense for which he was charged, attempted first-degree criminal sexual conduct, the state was required to prove beyond a reasonable doubt that Ronquist intentionally engaged in an act or acts which were a substantial step toward causing personal injury to his victim while using force or coercion to accomplish sexual penetration.[28] There is certainly no requirement that the state had to prove that Ronquist had any previous sex offense convictions on his record. In fact, evidence relating to those convictions may well not have been admissible at trial at all and at most may have been admissible for limited purposes.[29]

Even under the enhancement statute, the previous sex offense convictions only became relevant once the elements of the present offense were proven beyond a reasonable doubt and Ronquist was convicted. Accordingly, we conclude that the provisions of section 609.346, subd. 2a(a)(2)(iii) (1996), fall into the category of sentencing considerations and do not constitute elements of the crime to be proven at trial.

Our conclusion is supported by the Supreme Court's recent decision in *Almendarez–Torres v. United States.*[30] The issue in *Almendarez–Torres* was whether a sentencing enhancement statute for repeat offenders was a penalty provision or a separate offense.[31] The Court held that it was constitutionally permissible to interpret increased penalties for repeat offenders as mere sentencing considerations that did not need to be proven as elements of the offense at trial.[32] The Court determined that the statute's language, structure, subject matter, context, and history supported a conclusion that Congress intended the enhancement provision in question to be nothing more than a factor to be considered at sentencing.[33] The same can be said for our legislature's enactment of the sentencing enhancement provisions of section 609.346 (1996).

### III.

Ronquist next argues pro se that he is entitled to a new trial based on ineffective assistance of his trial counsel. He claims eleven instances of deficient performance by his trial counsel. A claim of ineffective assistance of trial counsel is established if it is shown both that the performance of trial counsel fell below an objective standard of reasonableness and that the defendant was prejudiced by the deficient performance.[34]

Based on our review of each of the eleven claims, we conclude that none of the claims has any merit. There is nothing in the record that would support a conclusion that Ronquist's trial counsel's performance fell below an objective standard of reasonableness. There is also nothing to suggest that Ronquist was prejudiced by his trial counsel's performance.

Affirmed.

**27.** *See People v. Clark*, 12 Cal.App.4th 663, 15 Cal.Rptr.2d 709, 710 (Ct.App.1992).

**28.** *See* Minn.Stat. § 609.342, subd. 1(e)(1); Minn.Stat. § 609.17, subd. 1.

**29.** *See* Minn. R. Evid. 404(b) (mandating that evidence of other crimes or misconduct is not admissible to prove the defendant's character for the purpose of showing that he or she acted in conformity with that character); *see also State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965).

**30.** 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**31.** *Id.* at 1222.

**32.** *Id.* at 1231–32.

**33.** *Id.* at 1230–32.

**34.** *See Gates v. State*, 398 N.W.2d 558, 561–62 (Minn.1987) (adopting the standard from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).