STATE OF MINNESOTA

IN SUPREME COURT

A22-0318

Court of Appeals
Anderson, J.
Took no part, Procaccini, J.

State of Minnesota,

Respondent,

vs.
Filed: February 7, 2024
Office of Appellate Courts

Jaye William Snyder,

Appellant.

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Tim Sime, George R. Kennedy, Assistant County Attorneys, Elk River, Minnesota, for respondent.

Andrew C. Wilson, Wilson & Clas, Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

1.    The United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), do not call into question the analysis in *State v. Ronquist*, 600 N.W.2d 444 (Minn. 1999), which limited the indictment requirement of Minnesota Rule of Criminal Procedure 17.01, subdivision 1,

to offenses punishable by life imprisonment before a sentencing enhancement based on a prior conviction is applied.

2.      The reasoning in *Ronquist* applies with equal force to a conditional release, and the discretion given to the Department of Corrections in fashioning conditions of release does not compel a different result because any due process concerns regarding the uncertainty of a release condition can be addressed when the condition is imposed.

Affirmed.

O P I N I O N

ANDERSON, Justice.

We consider here whether the requirement of Minnesota Rule of Criminal Procedure 17.01, subdivision 1, that "[a]n offense punishable by life imprisonment must be prosecuted by indictment," extends to offenses where—because of a prior conviction—conditional release is imposed for the remainder of a defendant's life. Following the sexual assault of an impaired victim in 2019, appellant Jaye William Snyder was charged via criminal complaint with the offenses of third- and fourth-degree criminal sexual conduct. *See* Minn. Stat. §§ 609.344, subd. 1(d), 609.345, subd. 1(d) (2020). The statutory maximum sentences for the charged offenses are 15 years and 10 years, respectively. Minnesota Statutes § 609.3455, subdivision 7(b) (2020), however, requires that if the district court commits a person to the custody of the Commissioner of Corrections for a violation of either charged offense and that person has a previous or prior sex offense conviction, the district court shall provide that, after the person has been

2

released from prison, the Commissioner of Corrections must place the person on conditional release for the remainder of the person's life.

Snyder pleaded not guilty and demanded a jury trial. The jury found Snyder guilty of both 2019 offenses. The district court convicted Snyder of third-degree criminal sexual conduct and imposed a presumptive 140-month prison sentence. In accordance with section 609.3455, subdivision 7(b), the court's sentencing order provided that, after Snyder is released from prison, the Commissioner of Corrections must place him on conditional release for the remainder of his life because Snyder had a 2016 conviction of third-degree criminal sexual conduct. The court of appeals affirmed the district court's sentencing order, and we granted Snyder's petition for review.

Snyder argues that because he is exposed to the possibility of lifetime incarceration if he violates the terms of his conditional release after he completes his prison term, Minnesota Rule of Criminal Procedure 17.01, subdivision 1, required the State to charge him by indictment rather than criminal complaint. According to Snyder, the analysis in *State v. Ronquist*, 600 N.W.2d 444 (Minn. 1999), which limited the indictment requirement of Minnesota Rule of Criminal Procedure 17.01, subdivision 1, to offenses punishable by life imprisonment before the sentencing enhancement is applied, is no longer good law based on subsequent United States Supreme Court decisions. Because we conclude that, in the context of a sentencing enhancement based on a prior conviction, the analysis in *Ronquist* remains good law, and because the reasoning in *Ronquist* applies with equal force to a conditional release term, we affirm.

3

# FACTS

The facts in this case are undisputed. In 2020, Jaye William Snyder was charged by criminal complaint with the offenses of third- and fourth-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(d), and Minn. Stat. § 609.345, subd. 1(d), following the sexual assault of an impaired victim in 2019. The maximum statutory sentences for the charged offenses were 15 years and 10 years, respectively. *See* Minn. Stat. §§ 609.344, subd. 2, 609.345, subd. 2 (2020). At the time, Snyder was on supervised release following a 2016 conviction for third-degree criminal sexual conduct.

After a jury trial, Snyder was convicted of third-degree criminal sexual conduct. Before sentencing, Snyder filed a memorandum with the district court requesting that his conditional release term be limited to 10 years following his prison sentence. Snyder's request directly conflicted with Minn. Stat. § 609.3455, subd. 7(b). That statute mandates in cases where the offender being sentenced has "a previous or prior sex offense conviction" that the district court direct the Commissioner of Corrections to "place the offender on conditional release for the remainder of the offender's life" upon release from prison. *Id.* Snyder justified his request by pointing out he was not prosecuted by indictment but rather prosecuted by criminal complaint.[1] He argued that lifetime conditional release makes this offense "punishable by life imprisonment" because he could be reincarcerated for up to the full term of conditional release (his life) upon a violation of his terms of

---

[1]     The use of an indictment process means that criminal charges are presented before a grand jury and indictments are rendered pursuant to Minnesota Rule of Criminal Procedure 18.06.

4

release.  Accordingly, because Minnesota Rule of Criminal Procedure 17.01, subdivision 1, requires that an indictment, rather than a criminal complaint, be used to charge an offense punishable by life imprisonment, Snyder asserted that lifetime conditional release is an impermissible sentence.

The district court concluded that lifetime conditional release was required by Minn. Stat. § 609.3455 (2020) and denied Snyder's request to limit conditional release to 10 years.  The court of appeals affirmed the district court's sentencing order.  *State v. Snyder*, 984 N.W.2d 590, 595 (Minn. App. 2023).  Snyder filed a petition for review, which we granted.

## ANALYSIS

The outcome here is determined based upon the applicability of our decision in *State v. Ronquist*, 600 N.W.2d 444 (Minn. 1999).  In *Ronquist*, we concluded that a conviction for an offense which, when coupled with a conviction for a prior offense required an enhanced sentence of life imprisonment, did not "create an offense punishable by life imprisonment which must be prosecuted by indictment." *Id.* at 449.  If *Ronquist* remains good law and is applicable here, it compels affirmance.  Snyder, on the other hand, argues that *Ronquist* has been overruled by more recent United States Supreme Court decisions or is otherwise inapplicable.  "The interpretation of case law is a legal question that is reviewed de novo." *Wheeler v. State*, 909 N.W.2d 558, 563 (Minn. 2018).  Because we conclude that our precedent does not support Snyder's claims and because his arguments fail to convince us to overturn that precedent, we affirm.

5

I.

We begin our analysis with *Ronquist*. At issue in *Ronquist* was whether a defendant charged with attempted first-degree criminal sexual conduct, which was subject to a statutory maximum sentence of 15 years, had to be charged by indictment under Rule 17.01 because Minn. Stat. § 609.346, subd. 2a(a)(2)(iii) (1996), *repealed by* Act of Apr. 16, 1998, ch. 367, art. 6, § 16, 1998 Minn. Laws 666, 735, enhanced the defendant's sentence to life imprisonment given his two prior qualifying sex offense convictions. *Ronquist*, 600 N.W.2d at 445–46. As part of our analysis in *Ronquist*, we traced the development of indictment requirements in Minnesota; originally, a "near blanket constitutional requirement" for use of indictments in all criminal prosecutions was mandated. *Id.* at 448. Over time, those requirements developed into the more limited indictment requirement found in Rule 17.01. *Ronquist*, 600 N.W.2d at 448. We then focused on whether the defendant's "conviction of the offense of attempted first-degree criminal sexual conduct, which normally carries a maximum sentence of 15 years imprisonment, when coupled with his enhanced sentence of life imprisonment, constitutes conviction of '*an offense* which may be punished by life imprisonment' " for purposes of Minnesota Rule of Criminal Procedure 17.01, subdivision 1. *Ronquist*, 600 N.W.2d at 449 (emphasis added) (quoting Minn. R. Crim. P. 17.01).[2] In concluding that it did not, we observed that "the previous

---

[2]     Our opinion in *Ronquist* accurately quotes the language of Rule 17.01 of the Rules of Criminal Procedure, but in a footnote, incorrectly attributes that language to Rule 17.01 of *the Rules of Civil Procedure*, a rule that relates to a real party in interest in civil proceedings. *See Ronquist*, 600 N.W.2d at 449 & n.25. The correct citation in *Ronquist*, as here, is to Rule 17.01 of the Rules of Criminal Procedure.

sex offense convictions only became relevant once the elements of the [charged] offense were proven beyond a reasonable doubt and [the defendant] was convicted."[3] *Id.* at 450.

We found support for our conclusion in *Ronquist* in the United States Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court held that a prior conviction that enhanced a sentence was a sentencing factor rather than a separate criminal offense, and so the indictment did not need to allege the prior conviction. *Id.* at 234–35. We concluded that similarly, the sentencing enhancement provisions based on a prior conviction were nothing more than a factor to be considered at sentencing, and thus were not elements of his present offense that created an offense punishable by life imprisonment and that must therefore be prosecuted by indictment. *Ronquist*, 600 N.W.2d at 450.

Snyder argues that *Ronquist* is no longer good law because subsequent developments in due process jurisprudence by the United States Supreme Court require us to conclude that the indictment requirement of Minnesota Rule of Criminal Procedure 17.01, subdivision 1, applies to offenses punishable by life imprisonment after a sentencing enhancement is applied.[4] We disagree.

---

[3] As we noted in *Ronquist*, evidence relating to prior convictions may be inadmissible at trial, and even if it is admissible, may be admissible only for limited purposes. 600 N.W.2d at 450. This calls into question the actual implications of requiring presentation of evidence of prior convictions to a grand jury, as Snyder seems to ask for.

[4] Snyder also argues that a requirement for indictments in circumstances in which enhancement occurs solely on the basis of prior convictions gives the State discretion whether to seek a life sentence (or a sentence of lifetime conditional release) by charging either by indictment or criminal complaint. But the Legislature retains the power to define

Snyder principally relies on two subsequent decisions from the United States Supreme Court, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi* and *Blakely*, the Supreme Court raised the bar for what must be put before a jury when a sentence is enhanced. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Blakely* expanded on *Apprendi* and resulted in the holding that, for *Apprendi* violations, the "statutory maximum" to which a judge may sentence an offender without having additional factors put before a jury and proved beyond a reasonable doubt is "the maximum [the judge] may impose *without* any additional findings." *Blakely*, 542 U.S. at 303–04.

These two Supreme Court decisions do not directly affect the holding in *Ronquist*. The central holding in *Apprendi* is that additional facts enhancing a sentence "[o]*ther than the fact of a prior conviction*" must be put before a jury. 530 U.S. at 490 (emphasis added). *Blakely* directly quotes that holding—without any distinguishing, modifying, or clarifying

---

the punishment for acts that constitute criminal conduct. *State v. Osterloh*, 275 N.W.2d 578, 580–81 (Minn. 1978) (stating that "the legislature, having the power to define what acts constitute criminal conduct, necessarily retains the power to define the punishment for such acts[,]" and that "[t]he role of the trial judge in prescribing sentence in a criminal case is that of the executor of the legislative power"). The enhancement statute is not worded permissively; Minn. Stat. § 609.3455, subd. 7, refers to "mandatory" lifetime conditional release terms and states that the district court "shall" provide that the Commissioner of Corrections places the offender on conditional release "for the remainder of the offender's life." Because we reject Snyder's argument, it is not necessary to further consider his proposed policy rationale for a different rule.

language. 542 U.S. at 301. And it is such a prior conviction which ultimately triggers lifetime conditional release under section 609.3455.

Snyder is left with the argument that our jurisprudence should take into account implications from those decisions that the prior conviction exception from the requirements of *Apprendi* and *Blakely* is no longer valid. No authority in Minnesota is cited for this claim and we have found none. As recently as 2015, we have cited to *Blakely* and *Almendarez-Torres* for the principle that prior convictions need not be submitted to a jury. *See State v. Her*, 862 N.W.2d 692, 694 (Minn. 2015). Similarly, the Supreme Court cited the "[o]ther than the fact of a prior conviction" language from *Apprendi* and *Blakely* in subsequent cases. *Descamps v. U.S.*, 570 U.S. 254, 269 (2013) (quoting *Apprendi*, 530 U.S. at 490). *Ronquist* thus remains good law.

For the reasons discussed above, we reaffirm *Ronquist*'s holding that in the context of a sentencing enhancement based on a prior conviction, Minnesota Rule of Criminal Procedure 17.01, subdivision 1, is limited to offenses punishable by life imprisonment before the sentencing enhancement is applied.

## II.

Having concluded that, in the context of a sentencing enhancement based on a prior conviction, *Ronquist* remains good law, we next consider whether the reasoning in *Ronquist* applies with equal force to a conditional release.

As discussed above, *Ronquist* instructs that, when life imprisonment is required purely because of a prior conviction, without any other enhancing factors, the prior conviction is merely a sentencing factor. 600 N.W.2d at 450. It does not constitute an

9

"element[ ] of the crime to be proven at trial." *Id.* A conditional release is even further removed from the statutory maximum sentence than a sentencing enhancement like that in *Ronquist* because it does not become relevant until the person is released from prison.[5] If the enhancement to a life sentence in prison based on a prior conviction discussed in *Ronquist* does not invoke the requirements of Rule 17.01, a lifetime conditional release based on a prior conviction surely does not trigger the applicability of Rule 17.01. Conditional release does not require a sentence of life in prison, unlike an actual life sentence. Consequently, we conclude that the reasoning in *Ronquist* applies with equal force to a conditional release and that the indictment requirement of Minnesota Rule of Criminal Procedure 17.01, subdivision 1, simply does not apply here.

Snyder does not provide a compelling reason to abandon our current jurisprudence and institute an indictment requirement before a lifetime conditional release can be imposed. Nor does Snyder provide a compelling justification for requiring an indictment, rather than a criminal complaint, to begin a prosecution simply because of a hypothetical possibility that, at some future time, a district court might revoke lifetime conditional release. We decline to adopt an indictment requirement simply because the defendant was sentenced, as required by law, to lifetime conditional release. Instead, because *Ronquist* remains good law and applies here, Snyder does not prevail.

---

[5] The parties dispute whether lifetime conditional release, under some circumstances, might equal life imprisonment. Those circumstances are not presented here and might never be presented; we decline to decide hypothetical questions.

Snyder makes a final argument concerning the discretion given to the Department of Corrections in fashioning conditions for his release, which is not ripe. We acknowledge that the Commissioner of Corrections has "broad statutory authority . . . to adopt rules setting standards and procedures for granting and revoking release." *State v. Schwartz*, 628 N.W.2d 134, 138–39 (Minn. 2001). But that discretion is not unlimited. In various decisions, we have addressed the issue of seemingly arbitrary or impossible to satisfy conditions that result in the repeated reincarceration of those on conditional release following a prison sentence. *See State ex rel. Ford v. Schnell*, 933 N.W.2d 393 (Minn. 2019); *State ex rel. Duncan v. Roy*, 887 N.W.2d 271 (Minn. 2016); *see also State ex rel. Marlowe v. Fabian*, 755 N.W.2d 792 (Minn. App. 2008). Snyder is correct that we have authority to address uncertainty in release conditions and resulting due process concerns as those issues arise, but for him, that time is not today. The issue of his conditional release terms, let alone his possible violation of those terms, is entirely hypothetical and therefore not ripe.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

PROCACCINI, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

11