Froessel, J.
After a joint trial, defendants were convicted of the crimes of burglary in the third degree (Penal Law, § 404) and possession of burglars’ instruments after prior conviction (Penal Law, § 408). We are satisfied that the evidence amply supports the jury’s finding that defendants were guilty of the crimes charged, and that the curtailment by the trial court of the line of inquiry pursued by defense counsel on cross-examination of the medical student, Bernard Shagan, was not prejudical error.
We turn now to defendants’ claim that error was committed by the trial court in permitting a stipulation as to defendants’ prior convictions to be read to the jury in connection with the count charging defendants with possession of burglars’ instruments. Defendants maintained that this was in violation of section 275-b of the Code of Criminal Procedure, which then provided: “ The indictment shall not allege that the defendant has previously been convicted of any crime nor shall it set forth *186 any record thereof, unless such prior conviction affects the degree of the crime charged in the indictment. Although in consequence of that provision the admission in evidence of a prior conviction is generally prohibited, it is to be noted that an exception has been reserved for cases where the prior conviction affects the degree of the crime charged in the indictment ”. It is our opinion that the prior conviction of each of the defendants clearly “affected” the “ degree of the crime charged within the meaning of the exception to section 275-b.
Section 408 of the Penal Law provides that possession of burglars’ instruments is a misdemeanor, but further provides that, “ if ” the person charged “ has ¡been previously convicted of any crime, he is guilty of a felony ” (for ¡kindred statutes see Penal Law, §§ 483-b, 782, 1897, subds. 4, 5, 6). It follows that the degree of the crime is raised from misdemeanor to felony by virtue of the prior conviction, and the substantive nature of the crime is thus altered (see 43 Cornell L. Q. 684, 688-689).
The Legislature in enacting section 275-b intended to remedy a situation such as existed in People v. De Santis (305 N. Y. 44). There, a prior felony conviction affected only the pumshment, upon conviction for a subsequent felony, as prescribed in sections 1941-1942 of the Penal Law (¡N". Y. Legis. Ann., 1957, pp. 51-52). We have here a different situation where, by reason of a prior conviction, an act otherwise denominated a misdemeanor becomes a felony, which latter grade or degree of crime carries with it, aside from punishment, other serious consequences. The crimes for which the term “ degree ” is most commonly used, such as burglary (Penal Law, §§ 400-407), assault (Penal Law, §§ 240-245) and robbery (Penal Law, §§ 2120-2129), for example, cannot be “ affected ” in any manner by a prior conviction, except with respect to punishment in felony cases; hence those crimes fall within the general rule of section 275-b.
We note that the procedure followed below in this case, which has been preserved by the exception to section 275-b, is that which prevailed at common law. A prior conviction, as here, which affects the degree, or substantive nature, of the crime charged, must be alleged in the indictment, and proof thereof must be adduced at the trial before the jury (see Johnson v. People, 55 N. Y. 512; People v. Sickles, 156 N. Y. 541, 543-547; People v. Marendi, 213 N. Y. 600, 618; People v. De Santis, supra, *187 p, 46; 43 Cornell L. Q„ supra, p, 685). Subdivision 2 of section 482 of the Code of Criminal Procedure does not dictate otherwise. It merely prescribes a “ procedure ” for bringing to tbe sentencing Judge’s attention, after judgment of conviction is bad, any “ previous convictions ” for crimes committed by the particular defendant which “ may not he alleged in the indictment ” and would have material bearing upon the severity of the “ punishment ” to he administered (see N, Y. Legis. Doe., 1959, No. 65[M]),
Accordingly, the judgments appealed from should he affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Judgments affirmed.