**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Thomas R. EDINGER, Defendant and Appellant.**

**Cr. No. 907.**

Supreme Court of North Dakota.

March 30, 1983.

Melody R.J. Jensen, and Jonathan R. Fay, Asst. State's Attys., Fargo, for plaintiff and appellee; argued by Melody R.J. Jensen, Fargo.

C. Charles Chinquist, Fargo, for defendant and appellant.

PEDERSON, Justice.

This is an appeal from a judgment of conviction for driving while under the influence of intoxicating liquor in violation of § 39–08–01, NDCC.[1] The judgment is affirmed.

---

1. Section 39–08–01, NDCC, provides in pertinent part that:

    "1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:

    a. . . .

    b. He is under the influence of intoxicating liquor;

    c. . . .

    d. . . .

    "2. A person violating any provision of this section is guilty of a class B misdemeanor for

In the complaint the State alleged, among other things, that:

"[O]n May 20, 1982 the defendant drove a vehicle . . . while under the influence of liquor . . . and the defendant had been convicted within the 24 months previous to this offense of having driven while under the influence or being in actual physical control of a vehicle."

Pursuant to subdivision (2) of § 39–08–01, a previous conviction enhances a class B misdemeanor to a class A misdemeanor and provides for a minimum penalty. During the jury trial, the clerk of court testified over Edinger's objection that Edinger had been found guilty of "actual physical control" on March 18, 1981.

Edinger appeals from the subsequent judgment of conviction for the class A misdemeanor claiming that admitting evidence in a jury trial of his prior conviction is prejudicial error. The State argues that evidence of a prior conviction is an "essential element" of the upgraded class A misdemeanor and must therefore be alleged and proven to the trier of fact.

It would appear that because the enhancement from class B to class A does not apply unless there has been a prior conviction, proof of the prior conviction is an element of the class A misdemeanor.

Section 39–08–01(2), however, also provides that the court may take judicial notice that "such conviction would be the second or subsequent violation" if the complaint fails to so state. Edinger argues that this permissive language indicates that a prior conviction is not an essential element of the class A misdemeanor.

Whether or not the fact of a prior conviction should, or may, be alleged in the complaint and proven at trial has been answered in various ways by various courts.

The weight of authority supports the view that, with no statutes to the contrary, in order to subject the defendant to an enhanced punishment for a second or subsequent offense, it is necessary to allege the prior conviction in the complaint or information. See *State v. Martinez,* 102 Idaho 875, 643 P.2d 555 (Ct.App.1982) (enhanced punishments for persistent violators of the law); *State v. Lovejoy,* 60 Idaho 632, 95 P.2d 132 (1939) (enhanced punishments for persistent violators of the law); *People v. Racinowski,* 78 Ill.App.3d 954, 34 Ill.Dec. 260, 397 N.E.2d 932 (1979) (sentence for the felony of "escape" can be extended upon the showing of a prior felony conviction); *State v. Neal,* 347 So.2d 1139 (La.1977) (defendant subject to enhanced punishments for second DWI conviction); *People v. Johnson,* 8 N.Y.2d 183, 168 N.E.2d 641, 203 N.Y.S.2d 809, *cert. denied,* 364 U.S. 897, 81 S.Ct. 228, 5 L.Ed.2d 191 (1960) (possession of burglar's instruments enhanced from a misdemeanor to a felony if defendant had been previously convicted of any crime); *State v. Ruble,* 77 N.D. 79, 40 N.W.2d 794 (1950) (enhanced penalties for subsequent convictions for operating a vehicle after suspension of driver's license); *State v. Cameron,* 126 Vt. 244, 227 A.2d 276 (1967) (prior convictions resulting in enhanced penalties for operating a vehicle after suspension of driver's license must be alleged but do not go before jury). See also Annot. 24 A.L.R.2d 1247–50 (1952) (entitled Habitual Criminal Statutes); 39 Am.Jur.2d, Habitual Criminals, § 20.

Many of these courts reason that because the purpose of a complaint or information is to inform the defendant "exactly what he is accused of and [enable him to] prepare his defense," the prior conviction must be alleged. *Lovejoy, supra,* 60 Idaho at 637, 95 P.2d at 134. Thus, although there is no constitutional requirement that prior of-

the first conviction in a twenty-four-month period, and of a class A misdemeanor for the second conviction in a twenty-four-month period. The minimum penalty for such violation shall be either three days in jail or a fine of one hundred dollars, or both such fine and imprisonment. In the event the complaint does not include the allegation that, if con-

victed, such conviction would be the second or subsequent violation within the time limit as provided in this section, the court may take judicial notice of such fact if indicated by the records of the state highway department or make such finding based on other evidence."

fenses be placed in an indictment or information before trial, *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), fairness suggests that the defendant be notified so that he can meet the allegation of prior convictions. As the Supreme Court of Idaho noted,

"A defendant accused of a crime, has a right to assume, and to proceed on the theory, that the offense stated in the indictment or information is all he is accused of. If it were otherwise he might enter his plea of guilty and then, after having been misled into waiving his right to trial, find his plea, taken together with former convictions, ... renders him liable to [greater] punishment ..." *Lovejoy, supra,* 60 Idaho at 637–38, 95 P.2d at 134.

Rule 7(c), NDRCrimP, comports with this view. An indictment or information must name the defendant and contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c), NDRCrimP. As the explanatory note to Rule 7(c) notes, "[t]he purpose of the indictment or information is to inform the defendant of the precise offense of which he is accused so that he may prepare his defense and further that a judgment thereon will safeguard him from subsequent prosecution for the same offense."

■ Similarly, this court has held that unless a provision in the statute provides a procedure "dispensing with the allegation and proof of the prior conviction," the prior conviction resulting in an enhanced penalty for subsequent convictions of operating a vehicle after suspension of a driver's license must be alleged in the information. *State v. Ruble,* 77 N.D. 79, 92, 40 N.W.2d 794, 801 (1950). Merely because a court may take judicial notice of prior convictions does not mean that the defendant should forfeit the right to be informed of the exact nature of the charge against him. We therefore conclude that the prior conviction should be alleged in the complaint or information.

Edinger argues that submitting evidence of his prior conviction to the jury was prejudicial. Rule 403, NDREv, excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." The court instructed the jury not to "use the fact that the defendant was convicted [for actual physical control] in determining the guilt or innocence of the defendant on the present charge."

Evidence of prior convictions in habitual offender cases is recognized as having a potential for prejudice, but the possibility of prejudice is "believed to be outweighed by the validity of the State's purpose in permitting introduction of the evidence." *Spencer v. Texas,* 385 U.S. 554, 561, 87 S.Ct. 648, 652, 17 L.Ed.2d 606, 612, *reh'g denied,* 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967). In *Spencer,* the Court also noted that the defendant's interests are "protected by limiting instructions" and "by the discretion residing with the trial judge to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence." *Id.* See also *Connecticut v. Johnson,* —— U.S. —— at ——, n. 14, 103 S.Ct. 969 at 977, n. 14, 74 L.Ed.2d —— at ——, n. 14 (1983) (quoting R. Traynor, The Riddle of Harmless Error, 13 (1970): "[W]e must assume that juries for the most part understand and faithfully follow instructions."). See also *Giaccio v. Pennsylvania,* 382 U.S. 399, 405, n. 8, 86 S.Ct. 518, 522, 15 L.Ed.2d 447, 451 (1966). The Court in *Spencer* also noted that evidence of prior convictions is usually of a documentary kind and its presentation is not claimed to be inflammatory. *Spencer, supra.*

■ Although evidence of Edinger's prior conviction was elicited through live witness testimony, the testimony was limited only to recitation of his name, the type of offense, and the date of conviction. Establishing a prior conviction through documentary evidence or through limited live witness testimony is presenting evidence in a nonprejudicial manner and is thus not reversible error. Edinger does not assert that his prior DWI conviction was the sole reason for this conviction. Although we were not presented with a full transcript of

the trial proceedings, we note that the result of Edinger's blood alcohol test was 0.26%, well beyond the 0.10% presumption of intoxication provided for in § 39–20–07(3), NDCC. Thus, we conclude that there was sufficient evidence supporting Edinger's conviction. Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and SAND and PAULSON, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I agree that it was not error to allege in the complaint that Edinger had been previously convicted of having driven while under the influence. The trial court gave a proper cautionary instruction as to the effect of the evidence of the previous conviction and I also agree, therefore, that the judgment should be affirmed.

Insofar as the majority opinion may imply that it is necessarily error not to include such an allegation in the information or complaint, I do not agree. Although Section 39–08–01(2) uses the term "judicial notice," it obviously requires proof of the previous conviction, either through the records of the highway department or by other evidence. If a defendant has knowledge that he is charged with the greater offense, as for example being charged with a Class A rather than a Class B misdemeanor, and if the previous conviction is proved as pro-

vided by the statute, I do not concede that it would be error if the previous conviction were not specifically alleged in the information or complaint. Section 39–08–01(2) obviously implies that such an allegation is not necessary. That section is concerned with matters of pleading rather than matters of proof. Nor do I believe this court's decision in *State v. Ruble,* 77 N.D. 79, 40 N.W.2d 794 (1950), requires such an allegation. The *Ruble* court suggested that some statutory changes dispensing with the necessity of pleading the fact of prior conviction and providing for the determination thereof by the court after conviction of the charge on trial would be justified. I believe our Legislature has done that by permitting the previous conviction to be specifically alleged or, if the defendant is charged with a Class A misdemeanor, the previous conviction may be proved even though it is not specifically alleged. I leave for another day (and another specific factual situation) the issue of whether or not such a procedure is adequate as to a defendant who has no notice that he is being charged with a Class A misdemeanor.