STATE of North Dakota, Plaintiff
and Appellee,

v.

Steven D. GAHNER, Defendant
and Appellant.

Cr. No. 870048.

Supreme Court of North Dakota.

Sept. 29, 1987.

Jerome L. Renner, State's Atty., Steele, for plaintiff and appellee.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendant and appellant; argued by James A. Wright.

MESCHKE, Justice.

Steven Gahner was convicted of driving while under the influence of intoxicating liquor (DUI)[1] and sentenced for a class A

1. At the time of Gahner's arrest, the pertinent parts of the applicable statute, NDCC 39–08–01, provided:

"1. A person may not drive any vehicle upon a highway ... if any of the following apply:

" ...

"b. That person is under the influence of intoxicating liquor.

" ...

"3. A person violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second conviction in a five-year period, and of a class A misdemeanor for a later conviction in a five-year period. Notwithstanding the other provisions of this subsection, a person violating this section or equivalent ordinance is guilty of a class A misdemeanor for the fourth or subsequent conviction in a seven-year period. The minimum penalty for violating this section is as provided in subsection 5. The court shall take judicial notice of the fact that a convic-

tion would be a subsequent conviction if indicated by the records of the commissioner or may make such finding based on other evidence.

" ...

"5. A person convicted of violating this section, or an equivalent ordinance, must be sentenced in accordance with this subsection.

"a. For a first offense, the sentence must include both a fine of at least two hundred fifty dollars and an order for addiction evaluation by an appropriate licensed addiction treatment program.

"b. For a second offense within five years, the sentence must include at least four days' imprisonment of which forty-eight hours must be served consecutively, or ten days' community service; a fine of at least five hundred dollars; and an order for addiction evaluation by an appropriate licensed addiction treatment program.

misdemeanor as a third-time offender. On this appeal, Gahner claims that he did not receive notice of the State's proposed use of his prior convictions to increase the charge and enhance his sentence. We agree. Therefore, we vacate his sentence and remand for resentencing.

Gahner was charged with driving "while under the influence of alcoholic beverage and or with a BAC above .10% All in violation of Sec 39–08–01 of the N.D. Century Code ..." by a uniform traffic complaint and summons. *See* NDCC 29–05–31. At a bench trial on stipulated facts, the trial court found Gahner guilty. Presenting records of two other DUI convictions of Gahner within five years, the prosecuting attorney urged that Gahner be sentenced for a class A misdemeanor and as a third-time offender under NDCC 39–08–01(3) and (5)(c). Gahner objected, pointing out that prior convictions were not mentioned in the complaint. Nevertheless, the Court sentenced Gahner for a class A misdemeanor as a third-time offender. Gahner was fined $1,000 and sentenced to imprisonment for one year, with all but sixty days suspended upon conditions.

Gahner's attorney agrees that he advised Gahner about all provisions of NDCC 39–08–01 prior to trial. After the trial, but before sentencing, the trial court asked whether Gahner was advised of the statutory provisions and his attorney answered affirmatively. Gahner contends that this generalized knowledge is insufficient and

that the State must notify a defendant of the seriousness of the charge by stating prior DUI convictions in the complaint.

Gahner cites *State v. Edinger*, 331 N.W.2d 553 (N.D.1983), as requiring the State to allege prior convictions. Edinger was charged with DUI, a class A misdemeanor, by a complaint which alleged a prior DUI conviction.[2] On appeal, he claimed that it was prejudicial error to let the jury hear evidence of the prior conviction. The State argued that the prior conviction was an essential element of the upgraded offense. This court agreed with the State:

"It would appear that because the enhancement from class B to class A does not apply unless there has been a prior conviction, proof of the prior conviction is an element of the class A misdemeanor.

"Section 39–08–01(2), however, also provides that the court may take judicial notice that 'such conviction would be the second or subsequent violation' if the complaint fails to so state. Edinger argues that this permissive language indicates that a prior conviction is not an essential element of the class A misdemeanor.

" ...

"Many ... courts reason that because the purpose of a complaint or information is to inform the defendant 'exactly what he is accused of and [enable him to]

---

"c. For a third offense within five years, the sentence must include at least sixty days' imprisonment, of which forty-eight hours must be served consecutively; a fine of one thousand dollars, and an order for addiction evaluation by an appropriate licensed addiction treatment program.

"d. For a fourth offense within seven years, the sentence must include one hundred eighty days' imprisonment, of which forty-eight hours must be served consecutively and a fine of one thousand dollars.

" ..."

2. At the time of Edinger's arrest, on May 20, 1982, the pertinent parts of the applicable statute, NDCC 39–08–01, provided:

"1. No person shall drive or be in actual physical control of any vehicle upon a highway ... if:

" ...

"b. He is under the influence of intoxicating liquor;

" ...

"2. A person violating any provision of this section is guilty of a class B misdemeanor for the first conviction in a twenty-four-month period, and of a class A misdemeanor for the second conviction in a twenty-four-month period. The minimum penalty for such violation shall be either three days in jail or a fine of one hundred dollars, or both such fine and imprisonment. In the event the complaint does not include the allegation that, if convicted, such conviction would be the second or subsequent violation within the time limit as provided in this section, the court may take judicial notice of such fact if indicated by the records of the state highway department or make such finding based on other evidence.

" ..."

prepare his defense,' the prior conviction must be alleged.... [Citation omitted.] Thus, although there is no constitutional requirement that prior offenses be placed in an indictment or information before trial, *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), fairness suggests that the defendant be *notified* so that he can meet the allegation of prior convictions....

" . . .

"Rule 7(c), NDRCrimP, comports with this view. An indictment or information must name the defendant and contain a 'plain, concise, and definite written statement of the essential facts constituting the offense charged.' Rule 7(c), NDRCrimP. As the explanatory note to Rule 7(c) notes, '[t]he purpose of the indictment or information is to inform the defendant of the precise offense of which he is accused so that he may prepare his defense and further that a judgment thereon will safeguard him from subsequent prosecution for the same offense.'

"Similarly, this court has held that unless a provision in the statute provides a procedure 'dispensing with the allegation and proof of the prior conviction,' the prior conviction resulting in an enhanced penalty for subsequent convictions of operating a vehicle after suspension of a driver's license must be alleged in the information. *State v. Ruble*, 77 N.D. 79, 92, 40 N.W.2d 794, 801 (1950). *Merely because a court may take judicial notice of prior convictions does not mean that the defendant should forfeit the right to be informed of the exact nature of the charge against him.* We therefore conclude that the prior conviction should be alleged in the complaint or information." *Id.* at 554–555 (emphasis added).

Justice VandeWalle wrote separately in *Edinger*:

"I agree that it was not error to allege in the complaint that Edinger had been previously convicted of having driven while under the influence. The trial court gave a proper cautionary instruction as to the effect of the evidence of the previous conviction and I also agree, therefore, that the judgment should be affirmed.

"Insofar as the majority opinion may imply that it is necessarily error not to include such an allegation in the information or complaint, I do not agree. *Although Section 39–08–01(2) uses the term 'judicial notice,' it obviously requires proof of the previous conviction, either through the records of the highway department or by other evidence.* If a defendant has knowledge that he is charged with the greater offense, as for example being charged with a Class A rather than a Class B misdemeanor, and if the previous conviction is proved as provided by the statute, I do not concede that it would be error if the previous conviction were not specifically alleged in the information or complaint. Section 39–08–01(2) obviously implies that such an allegation is not necessary. That section is concerned with matters of pleading rather than matters of proof. Nor do I believe this court's decision in *State v. Ruble*, 77 N.D. 79, 40 N.W.2d 794 (1950), requires such an allegation. *The Ruble court suggested that some statutory changes dispensing with the necessity of pleading the fact of prior conviction and providing for the determination thereof by the court after conviction of the charge on trial would be justified. I believe our Legislature has done that by permitting the previous conviction to be specifically alleged or, if the defendant is charged with a Class A misdemeanor, the previous conviction may be proved even though it is not specifically alleged.* I leave for another day (and another specific factual situation) the issue of whether or not such a procedure is adequate as to a defendant who has no notice that he is being charged with a Class A misdemeanor." *Id.* at 556 (emphasis added.)

Another day and another set of facts are here. This time, the defendant was not charged with a class A misdemeanor, nor were the prior convictions specifically alleged in the complaint.

■ *Edinger* dealt with a prior conviction that increased the seriousness of the charge from a class B to a class A misdemeanor. A minimum sentence for a prior conviction, within the same class of offense, was not then required. A prior conviction that enhances the sentence, but not the seriousness of the offense, is not always regarded as an element of the offense. *See State v. Ruble,* 77 N.D. 79, 40 N.W.2d at 800 ("[T]he provision authorizing a more severe penalty for a second or subsequent offense is no part of the crime and pertains only to the punishment which the court may impose, ..."). *See also United States v. Kearney,* 750 F.2d 787, 790 (9th Cir.1984) (since imposition of greater penalty did not change offense, prior conviction was not element of offense and did not need to be alleged in information). So, at times, we may differentiate an *offense*-enhancing prior conviction from a *sentence*-enhancing prior conviction, although "a defendant must receive reasonable notice and an opportunity to be heard" even as to a sentence-enhancing prior conviction. *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962).

■ As Justice VandeWalle recognized in *Edinger,* when a defendant is charged with the more serious offense, an offense-enhancing prior conviction need not be set out in the complaint, even though an element of the offense. A defendant knows from the more serious charge that the State intends to use any prior conviction. Thus, the complaint serves its purpose—"to inform the defendant of the precise offense of which he is accused...." Explanatory Note to NDRCrimP 7(c), North Dakota Court Rules (West Publishing Co.; 1986) at 246. But Gahner was not informed of the precise offense for which he was sentenced.

■ The complaint against Gahner did not indicate a class A misdemeanor and did not set out prior convictions. While NDCC 39–08–01 may not require the State to allege prior convictions, the complaint must fulfill the purpose of NDRCrimP 7(c). *See* NDRCrimP Rule 59(b). While this complaint is not deficient for the exact reason given by Gahner, failing to allege prior convictions, it is nonetheless incomplete. A complaint, or an amendment to it, under NDCC 39–08–01, must either charge the class A misdemeanor, allege the prior offense-enhancing convictions, or both.

Charging the more serious offense, without stating the prior convictions, may be the more desirable alternative. It can avoid the prejudicial effect that proof of prior convictions may exert on a jury. We were told at oral argument that, for this reason, some trial courts insist prior convictions not be mentioned until sentencing. This coincides with the policy underlying NDREv 609, limiting evidentiary use of prior convictions. This evidentiary rule arose from concern about undue impact upon a jury of evidence of prior crimes. *See also* NDREv 404(b). A Congressional Judiciary Committee report on the Federal Rules of Evidence, from which our rule was drawn, said: "[T]he danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence."[3]

While *Edinger* held that evidence about that defendant's prior DUI convictions was not prejudicial, that will not be true in all cases.[4] As Weinstein says, "[T]he accused with a record risks ... that the jury will assume that he committed the charged crime if his prior conviction was for a similar offense." (3 Weinstein's Evidence 609–60 through 61 [1987]). This risk can be

---

**3.** 3 Weinstein's Evidence 609–40 (1987), quoting Report, Comm. on the Judiciary of the Senate, 93d Cong., 2d Sess., No. 93–1277 on Federal Rules of Evidence, p. 15 (1974), U.S.Code Cong. & Admin.News 1974, p. 7051.

**4.** An analogous statute, NDCC 12.1–32–09 (extended sentences for dangerous special offend-

ers) specifically forbids disclosure to the jury that extended sentencing is being sought. The statute provides for notice before trial or acceptance of a guilty plea, as well as the sealing of record of the notice if the danger of prejudice exists.

removed by omitting reference to prior convictions in the complaint. Stating the more serious charge in the complaint, without setting out the prior convictions, can easily and fairly give notice as well as avoid prejudice. Charging the more serious misdemeanor communicates notice of the State's intention to use the prior convictions.

We are not persuaded by the State's argument that "[i]f in fact the defendant had wanted a more specific complaint filed, he could have easily made a motion to the Court for a Bill of Particulars." Gahner's attorney could reasonably have assumed other explanations for the State's failure to amend the complaint to allege the prior convictions or their effect: The State may have determined that defects in the prior convictions made them unusable [*see*, for example, *State v. Orr*, 375 N.W.2d 171 (N.D.1985)]; or the State may have made no effort to develop them. It is not surprising that Gahner's attorney did not raise questions which could result in a more serious charge against his client.

The State argues that Gahner knew about both the provisions of NDCC 39–08–01(3) and his two prior DUI convictions, so that he should have expected sentencing as a third-time offender. We cannot assume that generalized knowledge will enable a defendant to understand what the State intends. The State must give a "definite written statement," NDRCrimP Rule 7(c), which enables a defendant "to be informed of the nature and cause of the accusation." Sixth Amendment, United States Constitution.

Gahner's sentence is vacated. On remand, the trial court is directed to sentence him for a class B misdemeanor and first offense.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.