2007 ND 77

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Kevin D. TUTT, Defendant and Appellant.**

**No. 20060205.**

Supreme Court of North Dakota.

June 7, 2007.

Gary E. Euren, Assistant State's Attorney, Cass County Courthouse, Fargo, ND, for plaintiff and appellee.

Douglas W. Nesheim (argued) and Steven D. Mottinger (on brief), Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Kevin D. Tutt appealed from a criminal judgment entered upon a jury verdict finding him guilty of two counts of possession of a controlled substance with intent to deliver under N.D.C.C. § 19–03.1–23(1), class A felonies. We reverse the criminal judgment and remand for a new trial.

## I

[¶ 2]   Law enforcement officers set up two controlled drug buys with a confidential informant who contacted Tutt on October 24, 2005 and November 30, 2005.  Tutt met with and allegedly sold to the informant 2.1 grams of cocaine during the first controlled buy and 1.3 grams of cocaine during the second buy.  Tutt was arrested under a warrant in March of 2006 and was charged with possession of a Schedule II controlled substance (cocaine) with intent to deliver.  Before trial, the district court discussed Tutt's prior conviction, also involving cocaine, which was referenced on the Information in the "Penalty section" by citing to N.D.C.C. § 19–03.1–23(1)(a). This section provides a minimum mandatory sentence of five years' imprisonment for a second offense.  N.D.C.C. § 19–03.1–23(1)(a).  Prior to trial, Tutt's counsel, after initially opposing a stipulation, agreed to stipulate Tutt had one prior conviction.  Defense counsel then stipulated to the fact that the conviction involved cocaine.  The district court allowed the evidence to be heard by the jury, but gave a special limiting instruction for the use of the prior conviction evidence.

[¶ 3]   Tutt contends the district court erred in allowing the jury to hear evidence of his prior cocaine-related conviction.  On appeal, Tutt argues his case was so prejudiced by the prior conviction information and by his attorney's ineffective assistance that he should be given a new trial.  Tutt also argues there was insufficient evidence to find him guilty because the confidential informant was never thoroughly searched and the informant's credibility was never ascertained.

## II

[¶ 4]   Tutt contends the district court erred in allowing the jury to hear evidence of his prior cocaine-related conviction.  He further argues this was obvious error requiring a reversal of the criminal judgment and a remand for a new trial.  We agree.

[¶ 5]   Tutt did not object to the district court's admission of evidence regarding the prior conviction, to the court's use of a special interrogatory, or to the jury instructions.  Issues not raised in the district court generally are not reviewable by this Court unless they constitute obvious error under N.D.R.Crim.P. 52(b).  *State v. Lemons,* 2004 ND 44, ¶ 15, 675 N.W.2d 148.  Under N.D.R.Crim.P. 52(b), we may not reverse a conviction unless the defendant shows error that is plain and affects substantial rights.  N.D.R.Crim.P. 52(b).  This Court exercises the "'power to notice obvious error cautiously and only in exceptional circumstances where the accused has suffered serious injustice.'" *State v. Mathre,* 1999 ND 224, ¶ 5, 603 N.W.2d 173 (quoting *State v. Olander,* 1998 ND 50, ¶ 12, 575 N.W.2d 658).

[¶ 6]   The district court stated its understanding that recent United States Supreme Court cases required the prior-act evidence be either stipulated to by the defense or otherwise brought before the jury to make a finding.  The district court correctly said that the prior conviction is "enhancement for sentencing."  But the court went on to state its erroneous belief that the Supreme Court requires the prior conviction be proved "beyond a reasonable doubt to a unanimous jury" and that the prior conviction information "would be part of a special verdict question."

[¶ 7]   Standing alone, a statutory minimum sentence is not an "element" of the offense, and the United States Supreme Court has rejected the argument that the fact of a prior conviction must be found by a jury.  *Almendarez–Torres v. United States,* 523 U.S. 224, 239–247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).  *Almendarez–Torres'* "prior conviction" exception

has been built into the Sixth Amendment's application of jury trial to sentence enhancements in subsequent United States Supreme Court cases (although each deals with upward departures from statutory maximum sentences as opposed to the application of statutory minimum sentences). *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Both *Apprendi* and *Blakely* state that the *Almendarez–Torres* rule requiring sentence-enhancing facts to be proven to a jury beyond a reasonable doubt or admitted to by the defendant only applies to facts "other than the fact of a prior conviction." *Apprendi*, at 490, 120 S.Ct. 2348; *Blakely*, at 301, 124 S.Ct. 2531.

■ [¶ 8] Under N.D.C.C. § 19–03.1–23(1)(a)(1), one prior conviction for possession of a controlled substance with intent to deliver enhances a defendant's sentence, but it does not enhance the offense from a class A felony to a more serious class. "A prior conviction that enhances a sentence, but not the seriousness of the offense, is generally not regarded as an element of the offense." *City of Fargo v. Cossette*, 512 N.W.2d 459, 462 (N.D.1994); *see also State v. Saul*, 434 N.W.2d 572, 574 (N.D. 1989); *State v. Gahner*, 413 N.W.2d 359, 362 (N.D.1987); *State v. Edinger*, 331 N.W.2d 553, 554 (N.D.1983).

[¶ 9] Here, the district court asked defense counsel,

[D]o you want to require the State to have to prove [the prior conviction] beyond a reasonable doubt to a unanimous jury as well, or for tactical or other reasons do you folks want to stipulate to that prior conviction?

[¶ 10] Defense counsel said,

I've discussed it with my client and we don't want the jury to be shown my client's record.... I'm somewhat hesi-

tant[,] though[,] to stipulate that he's got a prior offense.... We'd be willing to stipulate it's an issue for sentencing.

[¶ 11] Defense counsel later repeated that Tutt would stipulate the prior conviction was "an issue for sentencing." The district court reasserted its understanding of current United States Supreme Court law regarding prior conviction information, stating that "the United States Supreme Court has made this type of a determination[][o]ne for the fact finder, not as a matter of law by a judge, unless stipulated to by the Defendant and the defense counsel."

[¶ 12] After being shown a certified copy of Tutt's prior conviction of a controlled substance with intent to deliver, defense counsel said, "[W]e will agree to have this submitted to the jury ... for determination." Thus, notwithstanding his earlier protests, this agreement by Tutt's counsel cannot be viewed as either an objection to admission of the prior conviction or a request that the court engage in a Rule 404(b), N.D.R.Ev, balancing analysis.

■ [¶ 13] We conclude the district court should not have required that the prior conviction information be admitted at trial. We further conclude that on the facts of this case, given the charge and nature of the prior conviction that includes the same drug in each, it was ineffective assistance for Tutt's counsel to succumb to the district court's misunderstanding of *Apprendi* and to stipulate to sending proof of Tutt's prior conviction to the jury. Admission of that evidence constituted prejudicial and reversible error. *See Saul*, 434 N.W.2d at 575.

### III

[¶ 14] Tutt argues he was further prejudiced when the district court provided ineffective limiting instructions regarding

the prior conviction information before the jury, and misunderstood the applicable statute. He also argues insufficiency of the evidence. We do not reach the merits of these remaining issues because we conclude Tutt was prejudiced by use of the prior conviction information and reverse for a new trial.

## IV

[¶ 15] We reverse the criminal judgment and remand for a new trial.

[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.