2016 ND 53

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ruthie Michelle MANN, Defendant and Appellant.**

No. 20150069.

Supreme Court of North Dakota.

March 15, 2016.

Alexander J. Stock, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Danny L. Herbel, Bismarck, ND, for defendant and appellant.

Ken R. Sorenson, Assistant Attorney General, Bismarck, ND, for amicus curiae North Dakota Attorney General.

VANDE WALLE, Chief Justice.

[¶ 1] Ruthie Mann appealed from a district court order denying her motion to dismiss a criminal charge for refusing to submit to chemical testing and from a criminal judgment sentencing her to five years in prison with all but eighteen months suspended. We affirm the district court's order denying Mann's motion to dismiss. We reverse the criminal judgment and remand for the district court to enter judgment against Mann for a class B misdemeanor.

I

[¶ 2] During the night of June 16, 2014, a Bismarck police officer approached a vehicle driven by Ruthie Mann. While talking with Mann, the officer detected alcohol, and Mann admitted to consuming alcohol. When Mann was unable to complete field sobriety testing, the officer arrested her for driving under the influence. The officer informed Mann of her *Miranda* rights and read North Dakota's implied consent advisory to her. When the officer asked Mann to submit to chemical testing, she became argumentative, which the officer understood as a refusal.

[¶ 3] The State charged Mann with refusal to submit to chemical testing. The State asserted Mann had three previous convictions for qualifying offenses under N.D.C.C. § 39–08–01(3), and the State charged Mann with a class C felony. Before trial, Mann asked the district court to dismiss the charge because she alleged North Dakota's statute making it a crime to refuse to submit to chemical testing was unconstitutional under the Fourth Amendment of the United States Constitution and North Dakota Const. art. 1, § 8. The district court denied the motion to dismiss the charge.

[¶ 4] Additionally, Mann asked the district court to bifurcate her trial, with the first part of the trial concerning whether Mann committed the criminal act of refusal to consent to chemical testing and the second part of the trial concerning whether Mann had been convicted of the three

prior offenses. Mann argued this bifurcated trial was necessary to avoid evidence of her prior convictions tainting the jury's determination of whether she was guilty of refusal to submit to chemical testing on this particular occasion. The court also denied this request.

[¶ 5] After the parties presented evidence, the court instructed the jury on the essential elements of the charged offense. The instructions failed to list three prior offenses as an essential element of the class C felony charge and only included the elements necessary to find Mann guilty of criminal refusal on this particular occasion. The jury found Mann guilty.

[¶ 6] Before sentencing, Mann made a motion to conform the criminal judgment with the jury verdict, arguing the jury never found her guilty of all the elements necessary for the class C felony charge. The State agreed, conceding the jury never made a determination on the predicate offenses and only found Mann guilty of criminal refusal on this particular occasion. The parties agreed Mann should be sentenced to a class B misdemeanor as a first-time offender under N.D.C.C. § 39–08–01(3). The district court disagreed, finding N.D.C.C. § 39–08–01(3) gave it the ability to judicially notice the prior offenses necessary to prove the class C felony charge. Based upon the available records, the court found sufficient evidence of Mann's three prior qualifying offenses. Because of this finding, the court entered a criminal judgment against Mann for a class C felony. In accordance with sentencing provisions, the court sentenced Mann to five years in prison with all but eighteen months suspended.

## II

[¶ 7] Mann argues the district court erred in denying her motion to dismiss because her prosecution under N.D.C.C. § 39–08–01(1)(e), North Dakota's criminal refusal statute, is unconstitutional under the Fourth Amendment of the United States Constitution and North Dakota Const. art. I, § 8. This Court has rejected these same arguments. *See, e.g., State v. Morel*, 2015 ND 198, 870 N.W.2d 26; *State v. Kordonowy*, 2015 ND 197, ¶ 12, 867 N.W.2d 690; *State v. Birchfield*, 2015 ND 6, ¶ 19, 858 N.W.2d 302. Mann provides no compelling arguments warranting departure from these holdings. We continue to hold N.D.C.C. § 39–08–01(1)(e) is constitutional under the Fourth Amendment and North Dakota Const. art. I, § 8.

## III

[¶ 8] Mann argues the district court erred by not conforming its criminal judgment with the jury verdict. In doing so, Mann raises the issue of whether N.D.C.C. § 39–08–01(3) authorizes a court to take judicial notice of a defendant's prior offenses when such offenses are an essential element of the charged offense. Mann argues the court's ability to take judicial notice of prior convictions under N.D.C.C. § 39–08–01(3) is limited to matters of pleading and does not allow judicial notice of an essential element of a charged offense. The State agrees.

[¶ 9] As a preliminary matter, we consider whether Mann's three prior convictions constitute an essential element of her class C felony charge. Whether a prior offense constitutes an essential element of a crime depends upon the offense charged. A prior offense constitutes an essential element if it elevates the offense of a given crime. *State v. Tutt*, 2007 ND 77, ¶ 8, 732 N.W.2d 382. A prior offense does not constitute an essential element if it only enhances the sentence of a given crime. *Id.* Under N.D.C.C. § 39–08–01(3), three prior convictions of qualifying offenses enhance a class A misdemeanor to a

class C felony. Because this elevated the offense, Mann's three prior convictions constituted an essential element of the class C felony charge, which required proof of the offenses. *See State v. Edinger*, 331 N.W.2d 553, 554 (N.D.1983) ("It would appear that because the enhancement from class B to class A does not apply unless there has been a prior conviction, proof of the prior conviction is an element of the class A misdemeanor.").

[¶ 10] Because Mann's prior convictions constitute an essential element of her charge, we must consider the scope of judicial notice allowed under N.D.C.C. § 39–08–01(3). Section 39–08–01(3), N.D.C.C., prescribes the appropriate charges for driving or being in actual physical control of a vehicle while impaired. This section additionally provides: a "court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence." N.D.C.C. § 39–08–01(3).

[¶ 11] We have not previously considered whether N.D.C.C. § 39–08–01(3) allows a court to take judicial notice of prior offenses in the context presented by this case. "Statutory interpretation is a question of law, fully reviewable on appeal." *Teigen v. State*, 2008 ND 88, ¶ 19, 749 N.W.2d 505. In interpreting a statute:

> Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–09.1. If the language of a statute is clear and unambiguous, "the letter of the statute cannot be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

> A statute is ambiguous if it is susceptible to different, rational meanings. If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent. N.D.C.C. § 1–02–39.

*State ex rel. North Dakota Dep't of Labor v. Matrix Props. Corp.*, 2009 ND 137, ¶ 8, 770 N.W.2d 290 (quoting *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65 (internal citations omitted)).

[¶ 12] The district court interpreted N.D.C.C. § 39–08–01(3) as allowing the court to take judicial notice of prior offenses constituting an essential element of the charged offense where existing records sufficiently evidence the prior offenses. We disagree. Because the prior convictions are an element of the offense requiring proof under *Tutt*, we must read N.D.C.C. § 39–08–01(3) in conjunction with other statutes governing proof and the issues of fact that must be tried by the jury. When N.D.C.C. § 39–08–01(3) is harmonized with other applicable statutes, we conclude it allows judicial notice only within the context of assuring the State proceeds with the appropriate charge under N.D.C.C. § 39–08–01(3). If the State fails to allege prior convictions, or alleges an incorrect number of prior convictions, the court is to judicially notice the prior convictions so the case may proceed as if the State alleged the correct number of prior convictions. The court may exercise this judicial notice only where the available records sufficiently evidence the prior convictions or where there is other evidence of the prior convictions. This judicial notice, however, does not eliminate the State's burden of proof because the State still must prove the defendant has been convicted of the prior offenses. N.D.C.C. § 12.1–01–03. Absent a waiver by the defendant, the defendant has the right to

have this factual determination made by a jury. N.D.C.C. § 29–16–02. Therefore, we interpret N.D.C.C. § 39–08–01(3) as leaving the State with the burden of persuading the trier of fact that the defendant has been convicted of the qualifying predicate offenses notwithstanding judicial notice of the predicate offenses. *Cf. State v. Trieb*, 315 N.W.2d 649, 654 n. 6 (N.D.1982) (noting a permissive presumption in a criminal case is allowable if it does not shift the burden of persuasion to the defendant). In situations involving a jury and the taking of judicial notice, the court is required to explain the legal effect of its judicial notice to the jury, including clarifying that the question of whether the State satisfied its burden of persuasion remains solely within the jury's province despite the court's taking of judicial notice. *Id.*

[¶ 13] This construction is consistent with how this Court interpreted N.D.C.C. § 39–08–01(3) in other contexts. In *State v. Gahner*, 413 N.W.2d 359, 361 (N.D.1987) and *Edinger*, 331 N.W.2d at 556, this Court addressed whether N.D.C.C. § 39–08–01(2), since renumbered to its current subsection, allows a court to take judicial notice of a prior conviction where the State failed to include the conviction in its complaint. We concluded a court could take judicial notice of the prior offense where the defendant was adequately informed of the charged offense notwithstanding the omission. We stated, although the statute "uses the term 'judicial notice,' it obviously requires proof of the previous conviction." *Gahner*, 413 N.W.2d at 361 (quoting *Edinger*, 331 N.W.2d at 556 (VandeWalle, J., concurring specially)). This ability to correct the pleading does not relieve the State's burden of proof because the judicial notice authorized by N.D.C.C. § 39–08–01(3) "is concerned with matters of pleading rather than matters of proof." *Gahner*, 413 N.W.2d at 361 (quoting *Edinger*, 331 N.W.2d at 556 (VandeWalle, J., concurring

specially)). Similar to our interpretation here, although the court could correct a pleading deficiency through judicial notice, the court could not take judicial notice of a matter of proof. *Id.*

[¶ 14] Applying the above interpretation to the undisputed facts of this case, the district court exceeded the scope of its statutory authority. Here, the jury found Mann guilty of the essential elements necessary for criminal refusal. Absent evidence of prior convictions, on which the jury made no determination, this refusal constituted a class B misdemeanor under N.D.C.C. § 39–08–01(3). After returning a verdict reflecting guilt of only a class B misdemeanor, the district court should have entered a corresponding criminal judgment containing the verdict. N.D.R.Crim.P. 32(b). Section 39–08–01(3), N.D.C.C., did not allow the court to take judicial notice of the prior convictions. If we were to construe N.D.C.C. § 39–08–01(3) to allow courts to take judicial notice of a matter of proof, we would cause serious questions concerning the Fifth and Sixth Amendments of the United States Constitution. *See Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013) (stating the Sixth Amendment right to trial by jury, "in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."); *United States v. Gaudin*, 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (stating the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; respondent therefore had a right to have the jury decide materiality."). We decline to interpret N.D.C.C. § 39–08–01(3) this way; rather, we hold the district court erred in inter-

preting and applying N.D.C.C. § 39–08–01(3) by taking judicial notice of an essential element of the class C felony charge against Mann.

[¶ 15] Mann's request to bifurcate the trial also did not waive Mann's right to have a jury find all essential elements of the charged offense. The discretion afforded to district courts, *State v. Parisien*, 2005 ND 152, ¶ 11, 703 N.W.2d 306, may allow the district court, with the parties' consent, to bifurcate a trial in the manner Mann requested. Here, although Mann requested the court bifurcate the trial, the court denied the request. Because of this denial, Mann retained her right to have the jury make a finding on whether she had been convicted of the predicate offenses. By substituting its own judgment for that of the jury when Mann reserved her right to trial by jury on the issue, the district court erred.

## IV

[¶ 16] We affirm the district court's order denying Mann's motion to dismiss. We reverse the district court's judgment and, in light of the issues raised on appeal and the relief requested, we remand for the district court to enter judgment against Mann for a class B misdemeanor refusal to submit to chemical testing and for sentencing in accordance with N.D.C.C. § 39–08–01(5).

[¶ 17] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

McEVERS, Justice, concurring.

[¶ 18] I agree with the result reached by the majority opinion. I write separately to note that when the State fails to prove all of the elements of the offense charged beyond a reasonable doubt, the outcome should be an acquittal. *State v. Vogel*, 467 N.W.2d 86, 89 (N.D.1991). The majority correctly points out that, under *State v. Tutt*, 2007 ND 77, 732 N.W.2d 382, Mann's three prior convictions constituted an essential element of the class C felony charge. The jury here was not instructed to consider lesser included offenses if the State failed to prove the underlying convictions. However, the defendant here, after first moving for a judgment of acquittal, thereafter moved the court to enter a judgment to conform with the jury verdict. In essence, by bringing this motion, Mann admitted she was guilty of a class B misdemeanor offense of driving under the influence.

[¶ 19] DANIEL J. CROTHERS.

SANDSTROM, Justice, dissenting.

[¶ 20] I would affirm the judgment.[1] Therefore, I respectfully dissent. The United States Supreme Court decisions provide that the trial court may take judicial notice that an offense is a subsequent offense even if it increases the level of the crime. Our state law provides that the trial court *shall* take judicial notice that an offense is a subsequent offense. Our own case law does *not* hold that a prior offense constitutes an essential element merely because it elevates the level of the offense of a given crime. Here the district court correctly applied the statutory and case law and should be affirmed.

[¶ 21] The majority says it is interpreting a statutory provision—N.D.C.C. § 39–08–01(3). The majority says, at ¶ 11, that the statutory provision must be read as a whole—without ever setting forth the pro-

---

1. Contrary to the framing of the majority opinion, it is the judgment that was appealed. While the denial of the pretrial motion to dismiss may be reviewable in the context of the appeal, it is not itself appealable, and it was not appealed. *See* N.D.C.C. § 29–28–06.

vision. Here is the whole of N.D.C.C. § 39–08–01(3):

An individual violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second offense in a seven-year period, of a class A misdemeanor for a third offense in a seven-year period, and of a class C felony for any fourth or subsequent offense within a fifteen-year period. The minimum penalty for violating this section is as provided in subsection 5. *The court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence.*

(Emphasis added.) When read as a whole, there is nothing in the language to suggest that the judicial notice is limited, as the majority claims. The majority also says this statute must be "harmonized with other applicable statutes," but it does not set forth those provisions either. The majority cites to N.D.C.C. § 29–16–02, which provides for a jury trial in a case of a felony or misdemeanor, unless waived by the defendant and the state's attorney:

In any case, whether a misdemeanor or felony, a trial jury may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes of the court. Otherwise, the issues of fact must be tried by the jury.

And the majority cites to N.D.C.C. § 12.1–01–03, which requires "each element of the offense" be proved beyond a reasonable doubt:

1. No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. An accused is presumed innocent until proven guilty. The fact that the accused has been arrested, confined, or charged with the offense

gives rise to no inference of guilt at the accused's trial. "Element of an offense" means:

a. The forbidden conduct;

b. The attendant circumstances specified in the definition and grading of the offense;

c. The required culpability;

d. Any required result; and

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.

[¶ 22] This provision is part of the "new criminal code," which became effective July 1, 1975. *See* N.D. Sess. Laws 1973, ch. 116, § 1. The language was taken from the *Final Report of the National Commission on Reform of Federal Criminal Laws.* The *Final Report* § 103 reflects that this language follows the existing federal law, including United States Supreme Court opinions. *See also* the *Working Papers* there annotated. That an offense is a subsequent offense is not an attendant circumstance and, as discussed below, not an element of the offense.

[¶ 23] Nothing in the "other applicable statutes" leads to the majority's result.

[¶ 24] Note that we are *not* discussing here one offense predicated on conviction of a different prior crime (e.g., possession of the firearm by a convicted felon). We are discussing here only prior offenses in the sense of recidivism (even if prior convictions increase the grading of the offense).

[¶ 25] The majority heavily relies on and ultimately misstates the holding in *State v. Tutt*, 2007 ND 77, 732 N.W.2d 382. It is important to note that no party cited or argued *Tutt* in its brief. The case was never discussed at oral argument.

[¶ 26] *Tutt* was a case in which the defendant on appeal complained he had been unfairly prejudiced by his prior offenses being submitted to the jury. *Id.* at ¶ 3. And contrary to the apparent misperception of the majority, the United States Supreme Court decisions do not require a jury to find the previous offenses, even if the offenses raise the level of the offense. This Court held in *Tutt* that putting the evidence of the prior convictions before the jury was prejudicial error requiring reversal of the conviction. *Id.* at ¶ 13. *See also State v. Gahner,* 413 N.W.2d 359, 361–62 (N.D.1987) ("Charging the more serious offense, without stating the prior convictions, may be the more desirable alternative. It can avoid the prejudicial effect that proof of prior convictions may exert on a jury.").

[¶ 27] *Tutt* states, at ¶ 7:

Standing alone, a statutory minimum sentence is not an "element" of the offense, and the United States Supreme Court has rejected the argument that the fact of a prior conviction must be found by a jury. *Almendarez–Torres v. United States,* 523 U.S. 224, 239–247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Almendarez–Torres' "prior conviction" exception has been built into the Sixth Amendment's application of jury trial to sentence enhancements in subsequent United States Supreme Court cases (although each deals with upward departures from statutory maximum sentences as opposed to the application of statutory minimum sentences). *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Both Apprendi and Blakely state that the Almendarez–Torres rule requiring sentence-enhancing facts to be proven to a jury beyond a reasonable doubt or admitted to by the defendant only applies to facts "other than the fact of a prior conviction." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348; *Blakely,* 542 U.S. at 301, 124 S.Ct. 2531.

(Emphasis added.) The "rule requiring sentence-enhancing facts to be proven to a jury beyond a reasonable doubt or admitted to by the defendant only applies to facts 'other than the fact of a prior conviction.'" That is unambiguous.

[¶ 28] The United States Supreme Court explained in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998):

First, the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence. *See, e.g., Parke v. Raley,* 506 U.S. 20, 26, 113 S.Ct. 517, 521–522, 121 L.Ed.2d 391 (1992) (Recidivism laws "have a long tradition in this country that dates back to colonial times" and currently are in effect in all 50 States); U.S. Dept. of Justice, Office of Justice Programs, Statutes Requiring the Use of Criminal History Record Information 17–41 (June 1991) (50–state survey); USSG §§ 4A1.1, 4A1.2 (Nov. 1997) (requiring sentencing court to consider defendant's prior record in every case). *Consistent with this tradition, the Court said long ago that a State need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime, even though the conviction was "necessary to bring the case within the statute." Graham v. West Virginia,* 224 U.S. 616, 624, 32 S.Ct. 583, 585–86, 56 L.Ed. 917 (1912). That conclusion followed, the Court said, from "the distinct nature of the issue," and the fact that recidivism "does not relate to the commission of the offense, but goes to the

punishment only, and therefore ... may be subsequently decided." *Id.*, at 629, 32 S.Ct. at 588 (emphasis added). The Court has not deviated from this view. *See Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503–504, 7 L.Ed.2d 446 (1962) (due process does not require advance notice that trial for substantive offense will be followed by accusation that the defendant is a habitual offender); *Parke, supra,* at 27, 113 S.Ct. at 522 (*"[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only "*). And, as we said before, *supra,* at 230, Congress, reflecting this tradition, has never, to our knowledge, made a defendant's recidivism an element of an offense where the conduct proscribed is otherwise unlawful. *See United States v. Jackson,* 824 F.2d 21, 25, and n. 6 (C.A.D.C.1987) (opinion of R. Ginsburg, J.) (referring to fact that few, if any, federal statutes make "prior criminal convictions ... elements of another criminal offense to be proved before the jury"). Although these precedents do not foreclose petitioner's claim (because, for example, the state statute at issue in *Graham* and *Oyler* provided for a jury determination of disputed prior convictions), *to hold that the Constitution requires that recidivism be deemed an "element" of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as "go[ing] to the punishment only." Graham, supra,* at 629, 32 S.Ct. at 587–588.

*Almendarez–Torres,* 523 U.S. at 243–244 118 S.Ct. 1219 (emphasis added). Thus the United States Supreme Court, whose decisions our "new criminal code" follows, makes clear: to hold that the Constitution requires that recidivism be deemed an "element" of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to

the punishment only. *Id.* And as the high Court says above, this is so "even though the conviction was 'necessary to bring the case within the statute.' " *Id.* at 243, 118 S.Ct. 1219.

[¶ 29] Turning to the majority's misstatement of *Tutt,* the majority says, at ¶ 9:

A prior offense constitutes an essential element if it elevates the offense of a given crime. *State v. Tutt,* 2007 ND 77, ¶ 8, 732 N.W.2d 382.

That, however, is *not* what *Tutt* says. *Tutt* says, at ¶ 8:

Under N.D.C.C. § 19–03.1–23(1)(a)(1), one prior conviction for possession of a controlled substance with intent to deliver enhances a defendant's sentence, but it does not enhance the offense from a class A felony to a more serious class. "A prior conviction that enhances a sentence, but not the seriousness of the offense, is generally not regarded as an element of the offense." *City of Fargo v. Cossette,* 512 N.W.2d 459, 462 (N.D. 1994); *see also State v. Saul,* 434 N.W.2d 572, 574 (N.D.1989); *State v. Gahner,* 413 N.W.2d 359, 362 (N.D. 1987); *State v. Edinger,* 331 N.W.2d 553, 554 (N.D.1983).

*Tutt* correctly says, "A prior conviction that enhances a sentence, but not the seriousness of the offense, is generally not regarded as an element of the offense." That is a true statement. The majority turns it around to say what *Tutt does not* say: "A prior offense constitutes an essential element if it elevates the offense of a given crime." Turning it around does not give a true statement. What the majority has done would be similar to this false logic: "An animal that is a brown dog with three legs is not a horse; therefore, any animal that is not a brown dog with three legs is a horse."

[¶ 30]   The district court followed the law, and I would affirm.

[¶ 31]   DALE V. SANDSTROM