2016 ND 211

STATE of North Dakota, Plaintiff and Appellee

v.

Ruthie Michelle MANN, Defendant and Appellant.

No. 20150069.

Supreme Court of North Dakota.

Nov. 9, 2016.

Burleigh County State's Attorney's Office, Bismarck, N.D., for plaintiff and appellee.

Danny L. Herbel, Bismarck, N.D., for defendant and appellant.

Attorney General's Office, Bismarck, N.D., for amicus curiae North Dakota Attorney General.

PER CURIAM.

[¶ 1] After being arrested for driving under the influence in June 2014, Ruthie Michelle Mann refused to submit to a warrantless blood test. The State charged Mann with refusing to submit to a chemical test, alleging the charge was a class C felony because it was her fourth offense. Mann moved to dismiss the refusal charge, arguing North Dakota's refusal statute was unconstitutional under the Fourth Amendment and N.D. Const. art. I, § 8. The district court denied Mann's motion to dismiss. Mann also sought to bifurcate her trial into separate proceedings involving a determination of whether she refused to consent to the blood test and a determination of whether she had been convicted of the three prior offenses. The court denied her request.

[¶ 2] After the parties presented evidence, the court instructed the jury on the essential elements of refusing to submit to a chemical test, but did not instruct the jury that the three prior offenses were an essential element of the class C felony charge. The jury found Mann guilty of refusal to submit to a chemical test. Before sentencing, the district court determined N.D.C.C. § 39–08–01(3) authorized it to judicially notice the prior offenses to prove the class C felony charge, and the court entered a criminal judgment against Mann for a class C felony.

[¶ 3] In *State v. Mann*, 2016 ND 53, ¶ 7, 876 N.W.2d 710, we concluded the criminal refusal statute was not unconstitutional under the Fourth Amendment or N.D. Const. art. I, § 8, and our decision in *State v. Birchfield*, 2015 ND 6, ¶ 19, 858 N.W.2d 302. A majority of this Court also concluded the district court erred in not requiring the jury to make a determination about whether she had been convicted of the predicate offenses for a class C felony. *Id.* at ¶¶ 14–15. We remanded for entry of judgment on the verdict finding her guilty of a class B misdemeanor refusal to submit to a chemical test. *Id.* at ¶ 16.

[¶ 4] In *Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 2184–85, 195 L.Ed.2d 560 (2016), the United States Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but absent another exception to the warrant requirement, does not permit warrantless blood tests incident to a lawful arrest for drunk driving. The Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search. *Id.* at 2186.

[¶ 5] The United States Supreme Court granted Mann's petition for writ of certiorari, vacated this Court's judgment, and remanded for consideration in light of *Birchfield v. North Dakota*. We vacate our opinion affirming Mann's conviction for refusal to submit to a warrantless blood test to the extent it is inconsistent with *Birchfield v. North Dakota*, and we remand to the district court with directions to dismiss with prejudice the criminal refusal charge.

[¶ 6] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.